PHIL. H. PIERCE COMPANY V. ROYAL R. WATKINS, DISTRICT JUDGE
ET AL.

No. 4022. Decided June 28, 1924.

(263 S. W., 905).

#### 1.—New Trial—Judgment Final—Term of Court.

By the Act of March 21, 1923, Laws, 28th Leg., ch. 105, p. 215, sec. 16, (practice in counties having two or more district courts) a judgment in such court became final thirty days after its rendition, and thereafter could be set aside only on grounds supporting such action when brought at a subsequent term. (Pp. 155, 156).

#### 2.—Same—Constitution—Local or Special Law.

Such statute (Act of March 21, 1923) was not a local or special law regulating judicial proceedings, prohibited by art. 3, sec. 56, of the Constitution. It was a general law though applicable only to a certain class of courts. (Pp. 156-158).

#### 3.—Constitutional Law—General or Special Statute—Classification.

The Legislature has power to classify the subjects to which its acts apply. An act is general where it applies uniformly to all of a certain class when such classification is not arbitrary and fictitious, but based upon real conditions. (Pp. 157).

#### 4.—Retroactive Law—Rights and Remedies.

A litigant has no vested right in a particular remedy, and procedural statutes control litigation from the date they become law, if they still leave a substantial remedy. (P. 158).

#### 5.—Same.

A statute changing the practice as to the time in which a court could grant a new trial took effect two days after recovery of a judgment. Defendant's procedure by motion for a new trial was governed by the new law from the date of its taking effect. (Pp. 158, 159)

#### 6.—Bill of Review—Motion—Showing Defense.

A motion for new trial filed too late, the judgment having become final and subject to be set aside only on proceedings in the nature of a bill of review at a subsequent term, was insufficient as a proceeding of the latter character where, though alleging that the mover had a good defense to plaintiff's action, it fails to show the nature and character thereof. (Pp. 159, 160).

#### 7.—Mandamus.

Writ of mandamus is here granted requiring a district judge to disregard his order granting a new trial on motion of defendant, it being held that the judgment had become final and the granting of new trial merely on motion was beyond his power. (Pp. 155-160).

Original application by the Pierce Company to the Supreme Court for writ of mandamus against Watkins as district judge.

*J. L. Zumwalt,* for relator.

On constitutionality of Act and power of Legislature to classify subjects to which law is to apply: Clark v. Finley, 93 Texas, 171; Hall v. Bell County, 138 S. W., 180; Rapid Transit R. Co. v. Edwards, 118 S. W., 840; Dallas C. E. St. Ry. Co. v. Chambers, 118 S. W., 851; Dallas C. E. St. Ry. Co. v. Chase, 118 S. W., 783; Texas Trac. Co. v. Danforth, 116 S. W., 147; Lytle v. Halff, 75 Texas, 128; Clarke v. Reeves County, 61 S. W., 981; Reed v. Rogan, 94 Texas, 177; O'Brien v. Amerman, 112 Texas, 254; Carter v. M. K. & T. R. Co., 106 Texas, 137; Brown v. City of Galveston, 97 Texas, 1; Texas Cent. R. Co. v. Bowman, 97 Texas, 417; Ex Parte Dupree, 101 Texas, 150; San Antonio & A. P. R. Co. v. Blair, 108 Texas, 434; Ashford v. Goodwin, 103 Texas, 491.

On insufficiency of showing of defense: Moody v. Rowland, 100 Texas, 363; Board v. Emerson-B. I. Co., 203 S. W., 421; First Natl. Bk. v. Hertzog, 192 S. W., 363; Kruegel v. Bolanz, 103 S. W., 435; Holliday v. Holliday, 72 Texas, 581.

On application of procedural statute to pending case: Odum v. Garner, 86 Texas, 374; 8 Cyc., 926, 12 Corpus Juris, 984.

*H. M. Garwood, J. W. Lockett, J. F. Wolters, Sam Streetman,* and *Lewis R. Bryan,* by leave of the court, as *amici curiæ,* filed brief in support of the constitutionality of the Act in question.

*Gresham & Willis* and *Alvin H. Lane,* for respondent Popular Amusement Co.

The entire Act is clearly void as an attempt to pass a local and special law attemping to regulate judicial proceedings in certain specified localities. This Act is unconstitutional because: (a) In effect it abolishes terms of court in the courts affected, in violation of Article V. Sec. 7 of the Constitution of the State of Texas. (b) The entire Act is in violation of Article III, Sec. 56, of the Constitution of the State of Texas. (c) Numerous portions of the Act are not embraced in the title and hence void under the provisions of Article III, Sec. 35, of the Constitution of the State of Texas. (d) Since the obvious intent of the Legislature in this Act was to set up an entire system of procedure for the courts affected, which can not be accomplished by reason of the invalidity of several of its provisions, the entire Act is void. Western U. Tel. Co. v. State, 62 Texas, 630; Bouvier's Law Dic., Rawles' Ed., Special Law,— Local Law; Com. v. State Treas., 29 Pa. Co. Ct., 578; Board of Education v. Alliance Ass. Co., 159 Fed., 994; Treadwell's Const. of California, 2d Ed., 113, 114, and cases cited; In re Washington Street, 7 L. R. A., 193.

Why is the Act restricted to counties with two or more district courts with Civil Jurisdiction only? Is there any reason apparent, if the act is to apply at all, why it should not apply equally to counties having two District Courts, one or both of which also handle criminal cases, or for that matter to counties having only one district court?

MR. JUSTICE PIERSON delivered the opinion of the court.

On June 28th, 1923, in the District Court of the 95th Judicial District of Texas, of which court the Honorable Royal R. Watkins is the judge, judgment was entered in cause No. 47006 in favor of relator Phil H. Pierce Company against respondent Popular Amusement Company. Thereafter, on the 16th day of August, 1923, respondent Popular Amusement Co. filed in said court a motion for a new trial, praying that the judgment rendered on June 28th be set aside and held for naught. In its said motion it alleged that the judgment purports to be one by default, that before judgment was taken it had filed its answer, that it had no notice of the setting of the case, and "that it has a meritorious defense to said suit."

The answer of respondent Popular Amusement Co. referred to by it consisted of a general demurrer and a general denial. Its motion for a new trial alleged that it had a meritorious defense, but did not set out the character or nature of its defense.

Relator Phil H. Pierce Co. resisted the motion for a new trial, primarily upon the ground that under Chapter 105 General Laws of the Thirty-eighth Legislature, which Act by its terms went into effect July 1, 1923, the judgment had become final, and that respondent Watkins was without authority to grant a new trial or to set said judgment aside.

The 95th District Court comes within the terms and provisions of Chapter 105, General Laws of the 38th Legislature, which regulate the practice and procedure "in civil district courts in counties having two or more district courts with civil jurisdiction only, and whose terms continue for three months or longer."

On August 27th, and before the term of court had ended under limitation of law, respondent Watkins entered his order granting a new trial and setting aside the judgment.

Relator Phil H. Pierce Co. brought this action praying that a writ of mandamus issue commanding respondent Watkins to vacate his said order granting a new trial and directing him to give effect to said judgment.

The part of Chapter 105 which affects the rules of procedure applicable to this case is found in Subdivisions 15 and 16 thereof. They read as follows:

"Subd. 15. A motion for new trial, where required, shall be filed within ten days after the judgment is rendered or other order complained of is entered, and may be amended by leave of court at any time within twenty days after it is filed before it is acted on."

Subd. 16. Judgments of such civil district courts shall become as final after the expiration of thirty days after the date of judgment or after a motion for new trial is overruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled the judgment can not be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

Subd. 19 provides: "All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this Act."

Section 2 of the Act reads: "This act shall take effect and be in force on and after the first day of July, 1923."

As no motion for a new trial was filed within the time prescribed by Chapter 105, and thirty days having expired before the court vacated and set aside the judgment, the judgment was final under the provisions of Chapter 105.

If said statute is a valid and constitutional enactment, and if its terms apply to this judgment, relator is entitled to the writ. Under the provisions of Chapter 105 a motion for new trial filed more than thirty days after the entry of a judgment would be as one filed after the term of court had expired. The only remedy would be, as in similar cases and as provided by said Chapter, by a bill of review.

We will first give consideration to the defense of respondent Popular Amusement Co. that Chapter 105 is unconstitutional and void, because violative of Art. III, Sec. 56, of the Constitution of the State of Texas, wherein it provides:

"The Legislature shall not, except as otherwise provided in this constitution, pass any local or special law   *   *   regulating the practice or jurisdiction of   *   *   any judicial proceeding or inquiry before courts   *   *   or other tribunals.   *   *   And in all other cases where a general law can be made applicable, no local or special law shall be enacted."

The Constitution does not prohibit the regulation of the practice or jurisdiction of judicial proceedings or inquiries before courts by a general law; neither does it require that the practice and procedure shall be the same and uniform in all judicial tribunals. It declares only that the Legislature shall not regulate them by *local* or *special* law.

Chapter 105 General Laws of the 38th Legislature under its terms and under the well recognized rules of law is not a special or local law. Its introductory paragraph provides:

"Article 1969a. The following rules of practice and procedure shall govern and be followed in the civil district courts in counties having two or more districts courts with civil jurisdicion only, and whose terms continue for three months or longer."

That the Legislature has the power and authority to classify subjects, and that an enactment that applies to such subjects as a class is a general law, is well recognized.

It has been held by this Court in a number of cases that a law is general if it apply uniformly to all of a class. Clark, Sheriff, v, Finley, Comptroller, 93 Texas, 171, 54 S. W., 343; Reed v. Rogan, 94 Texas, 177, 59 S. W., 255; Ex parte Milt Dupree, 101 Texas, 150, 105 S. W., 493; Beyman v. Black, 47 Texas, 558.

For a law to be general it is not necessary that it apply to all persons or things alike. Indeed, as said by Judge Gaines in Clark, Sheriff, v. Finley, Comptroller, supra, "most of our laws apply to some one or more classes of persons or of things and exclude all others." He quoted with approval the following definition by the Supreme Court of Pennsylvania in the case of Wheeler v. Philadelphia, 77 Pennsylvania State, 338:

"Without entering at large upon the discussion of what is here meant by a 'local or special law', it is sufficient to say that a statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is special, and comes within the constitutional prohibition.' "

Bouvier's law Dictionary, Vol. 2, p. 1347, defines General Laws as follows:

"Laws which apply to and operate uniformly upon all members of any class of persons, places, or things, requiring legislation peculiar to themselves in matters covered by the laws. Binney, Restrictions upon Local and Special Legisuation. Quoted in Com. v. State Treasurer, 29 Pa. Co. Ct. R. 578.

"Statutes which relate to persons and things as a class. Wheeler v. Philadelphia, 77 Pa. 348. Laws that are framed in general terms, ,restricted to no locality, and operating equally upon all of a group of objects which, having regard to the purpose of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves."

For definitions and many citations see Words & Phrases, Vol. 2, pp. 716 to 720; Abbott's Law Dictionary, Vol. 2, p. 14; Black's Law Dictionary, Second Ed., pp. 537 and 701.

It is not asserted that the classification in this instance is a fictitious one. That it is a bona fide classification, based upon facts

and real conditions, is apparent in its terms, and supported by the fact that it applies and is operative over a number of civil district courts in many of the large counties in the State.

The law is a valid exercise of legislative authority and well designed to have a wholesome effect upon the dispatch and finality of litigation in the courts in our congested centers. Legislative prerogative has always extended to fixing the time when judgments become final and the time when the necessary steps in the procedure must be taken.

While the Act is a departure from the former regulations respecting motions for new trial, when the judgment becomes final, and other matters of procedure, yet its terms are reasonable and generous. Instead of two days, as heretofore allowed, ten days are allowed in which a motion for new trial may be filed. It may be amended within twenty days after it is filed. The judgment does not become final until after the expiration of thirty days from the date of the judgment, or after a motion for new trial was overruled, at which time the term of court is at an end as far as the immediate case is concerned.

There are many terms of court in this State which extend only two weeks, some three weeks.

When the court adjourns, or when the term expires by operation of law, judgments become final and can be set aside or reopened only by a suit for that purpose.

Respondent Popular Amusement Co. presents that Chapter 105 became effective July 1, 1923, two days after the judgment herein was rendered, and that it does not apply to this judgment; that to so apply it would make it retroactive.

This is a procedural statute. It is the settled law that a litigant has no vested right in a remedy, and that remedial statutes are valid and control the litigation from the date they become a law, and all proceedings taken thereafter must be under the new law. "It is competent for the legislature to deprive the courts of their powers under existing law to modify or vacate judgments rendered prior to the passage of the act." 12 Corpus Juris, p. 984; Bagby v. Champ, 83 Ky. 13.

It was said by Chief Justice Willie in the case of Collins v. Warren, 63 Texas, 314:

"The repeal of a statute leaves unaffected all rights in the nature of contract which have vested under the original statute. Sedgw. Const. & Stat. Law, 113. As to the effect of such repeal upon remedies existing under the former law, some difference of opinion has existed, but the weight of authority seems to be that, without some saving clause contained in the repealing law, remedies existing under the former statute must give way to those provided by the new one.

The new law cannot take away all remedies previously existing, but must leave a substantial one according to the course of justice. Dwarris on Statutes, 474; Cooley on Lim., 289.''

Chapter 105 was approved March 21, 1923, and its Section 2 provides that it shall take effect and be in force on and after July 1, 1923, three months and eleven days after it was passed. As was suggested by Judge Brown in Odum v. Garner, 86 Texas, 377, 25 S. W., 18, doubtless the time when the Act should take effect was postponed so as to give opportunity to file motions in cases wherein judgments had been rendered, as well as for other reasons. Eaton v. Supervisors, 40 Wis., 668. Respondent Popular Amusement Co. could have filed its motion for new trial within two days, as provided under the old law, or within ten days after judgment under the new, and the court could have vacated the judgment at any time before it became final within thirty days.

Under the law as it existed before this statute went into effect, this judgment so rendered would have become final upon the termination of the term of court, either by its expiration under the law or by final adjournment.

If the term had ended by adjournment at any time after the rendition of the judgment, this judgment would have become final. It is no less final upon the end of the term for this case under the terms of the new statute.

The only legal way to review it is the way provided by this statute, and which would be the way in the absence of the statutory provision after the judgment had become final, that is by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review.

The Act here operated prospectively. Its provisions had no effect upon the action of the court in entering the judgment. It applied only to future acts of the court in reference to the judgment, and as to when the court's control over it should cease.

No motion for new trial was filed under the old or new statute, and the judgment became final as if the term of court was at an end.

If there was a hardship placed upon respondent Popular Amusement Co., it was not because of the statute changing the time when judgments in these courts should become final, but because of the alleged wrongs in entering the judgment, and perhaps in respondent's not discovering it until after it had become final under the statute.

Respondent Popular Amusement Company's motion for a new trial in the District Court failed to contain some of the essential elements necessary to constitute it a bill of review. No defense to relator's claim was pleaded. It alleged that it had a meritorious defense, but

its nature and character was not set out. The motion lacked this essential, and cannot be considered as a bill of review.

The other issues raised by respondent have been considered, and are deemed to be without merit.

The writ is granted.