STEWART et al. v. MOORE et al.
(No. 739–4691.)

(Commission of Appeals of Texas, Section B. Feb. 9, 1927.)

1. **Courts ⚖═202(5)—District court has only appellate jurisdiction to revise, declare void, or set aside orders of county court sitting in probate, notwithstanding it acts de novo.**

District court has only appellate jurisdiction to revise, declare void, or set aside orders of county court sitting in probate because it is an appellate court, notwithstanding it acts de novo.

2. **Constitutional law ⚖═67—Courts must carry out legislative intent and effectuate object of law.**

Courts must carry out legislative intent and effectuate object and policy of law.

3. **Courts ⚖═203—Provisions relating to appeals from judgment of an inferior to superior court must be liberally construed (Rev. St. 1925, art. 2092, subd. 13, and arts. 3698, 3699, 3702).**

Although right of appeal is governed by Constitution and laws of state, provisions of Rev. St. 1925, art. 2092, subd. 13, and articles 3698, 3699, 3702, relating to appeals from judgment of inferior to superior court, must be construed liberally, since it is apparent that it was legislative intent to give liberal construction to policy of law relating to such appeals.

4. **Courts ⚖═1—State can prescribe manner for its courts to acquire and exercise jurisdiction and proceedings conforming thereto are valid within its territory.**

Each state can prescribe manner for its courts to acquire and exercise jurisdiction, and proceedings conforming thereto are valid within its territory.

5. **Courts ⚖═2—To have "jurisdiction," case must be one within class of which court has cognizance, proper parties must be present, and point decided must be within issue.**

The three elements of "jurisdiction" are: (1) Court must have cognizance of class of cases to which one to be adjudicated belongs; (2) proper parties must be present; (3) point decided must be in substance and in effect within issue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction (of Courts).]

6. **Courts ⚖═1—Courts can neither decline jurisdiction nor assume that which is not conferred.**

Jurisdiction is regulated by Constitution or by statutes and by common law so far as not repugnant to Constitutions and laws, and courts cannot either decline jurisdiction nor assume that which is not conferred.

7. **Courts ⚖═1—"Jurisdiction" in its broadest sense is authority to hear and determine cause.**

"Jurisdiction" in its broadest sense is authority to hear and determine a cause, power to hear and determine issues of law and of fact, authority by which judicial officers take cognizance and decide causes, authority to hear and determine legal controversy, and the power to hear and determine particular case involved.

8. **Courts ⚖═202(5)—Filing appeal bond within statutory period in probate proceeding in county court invested district court with jurisdiction (Rev. St. 1925, arts. 2093, 3699).**

Where certain heirs excepted to order of county court in probate proceeding and gave notice of appeal and filed appeal bond duly approved within time required by Rev. St. 1925, art. 3699, county court was divested of jurisdiction, and district court was invested with jurisdiction over case, in view of article 2093.

9. **Courts ⚖═202(5)—Where appeal bond was filed within statutory period on appeal from county probate to district court, county court clerk must transmit papers within statutory period (Rev. St. 1925, art. 2092, subd. 13, and arts. 3699, 3702).**

Where certain heirs gave notice of appeal to district court from order of county court in probate proceeding and filed appeal bond duly approved within time required by Rev. St. 1925, art. 3699, duty to transmit original papers, together with certified copy of order of county court, to district court within 30 days, rested upon clerk of county court alone, under article 2092, subd. 13, and article 3702.

10. **Evidence ⚖═83(1)—Law presumes that every official will discharge duties imposed upon him as such by law.**

Law presumes, until contrary is shown, that every official will discharge duties imposed upon him as such by law.

11. **Mandamus ⚖═14(3)—In absence of proof that county court clerk did not intend to transmit papers to district court on appeal, no duty rested upon parties to compel him by mandamus.**

In absence of affirmative proof that county court clerk did not intend to perform his duty of transmitting original papers, together with certified copy of order of county court appealed from to district court, no duty rested upon parties to compel him to do so by making application for mandamus under proper authority.

12. **Mandamus ⚖═14(3)—After officer has failed to perform duty, duty rests upon interested parties to proceed by proper legal methods to compel official to perform.**

After an official has in fact failed to perform his duty, then there rests upon any one

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(291 S.W.)

interested in subject-matter a duty to proceed by proper legal methods to compel official to do what law requires of him.

**13. Mandamus ⬳172—Whether party had lost right to prosecute appeal to district court from order of county court after filing appeal bond in probate proceedings was to be determined by district court (Rev. St. 1925, art. 2092, subd. 13, and arts. 2093, 3698, 3699, 3702).**

Where certain heirs had filed appeal bond duly approved within time prescribed by Rev. St. 1925, art. 3699, on appeal from order of county court in probate proceedings so that district court had jurisdiction, in view of article 2092, subd. 13, and articles 2093, 3698, and 3702, question whether heirs had lost right to prosecute appeal because of failure of county court clerk to transmit papers, was fact to be determined by district court.

**14. Mandamus ⬳172—Supreme Court held without jurisdiction to determine whether party had lost right to prosecute appeal to district court from order of county court in public proceedings.**

Determination of fact as to whether party had lost right to prosecute appeal to district court from order of county court in probate proceedings *held* not within jurisdiction of Supreme Court.

Error to Court of Civil Appeals of Second Supreme Judicial District.

In the matter of the estate of Alice Stewart Lobban, deceased. Motion by Walter P. Stewart and others to vacate order of appointment of Leon R. Moore as temporary administrator. From a judgment of the county court overruling the motion, movants appealed to the district court, and to review a judgment of the Court of Civil Appeals affirming judgment of district court, movants bring error. Judgments of district court and Court of Civil Appeals reversed, and cause remanded to district court.

T. A. Stephens and I. W. Stephens, both of Fort Worth, for plaintiffs in error.

Hunter, Hunter & Greathouse, of Fort Worth, for defendants in error.

SHORT, J. There is only one question involved in this case, and this question depends upon the proper construction of articles 2092 and 2093 of the Revised Statutes of 1925. Article 2092 regulates the practice and procedure in civil district courts in counties having two or more district courts with civil practice only, whose terms continue for three months or longer. The act became effective July 1, 1923, and applies to Tarrant county and to the district court from which this appeal has been prosecuted. This act has been held to be constitutional in the case of Pierce Co. v. Watkins, 114 Tex. 153, 263 S. W. 905. Subdivision 13 of article 2092 reads:

"In cases appealed to said district courts from [county courts or other] inferior courts, the appeal, including transcript, shall be filed in the district court within thirty days after the rendition of the judgment or order appealed from, and the appellee shall enter his appearance on the docket or answer to said appeal on or before ten o'clock a. m. of the Monday next after the expiration of 20 days from the date the appeal is filed in the district court."

Article 2092 contains 31 sections or subdivisions. Section 1 relates to the issuance of citations; section 2 relates to the service thereof upon defendants residing in the county where the suit is brought; section 3 relates to the issuance of citations to out-county defendants; section 4 relates to the service of such citations; section 5 requires the day of the week and of the month and the time of day when the defendant is required to appear and answer; section 6 relates to the issuance of citations by publication; section 7 relates to service of such citations; section 8 relates to the legal effect where a citation or service thereof is quashed by motion of the defendant; section 9 relates to the execution of writs of attachment; section 10 relates to the execution of writs of garnishment; section 11 relates to the legal effect of a failure of garnishee to make answer; section 12 relates to the execution of other writs and process; section 14 relates to pleas of privilege; section 15 relates to amended pleadings; section 16 relates to the number of copies to be filed of amended pleadings for the use of adverse parties; section 17 relates to the failure to furnish such copies; section 18 relates to the setting of cases for trial; section 19 relates to the postponement or continuance of cases; section 20 relates to the resetting of cases; section 21 relates to the exchange and transfer of cases and other proceedings from one court to another, as also does section 22; section 23 relates to the disqualification of the judge of the court where a case is filed; section 24 provides that any judge may hear any part of a case or any question in any case, and another judge may complete the hearing and render judgment in the case; section 25 gives authority to any judge to hear dilatory pleas and determine demurrers, etc., without having the case transferred to the court of the judge acting; section 26 relates to the selection of the presiding judge by the judges of said courts; section 27 authorizes the judges to make rules by a majority vote; section 28 relates to motions for new trial; section 29 relates to the time within which motions for new trial shall be filed; section 30 determines when a judgment is final; while section 31 determines the time when appeal bond shall be filed as well as bills of exception and statements of fact.

It will thus be seen that this particular

article lays down certain rules of practice and procedure which shall govern and be followed in such district courts, and most of its requirements place upon the parties to the litigation certain duties and obligations. The particular section the construction of which is involved in this proceeding pending in this court is section 13 of article 2092, and also article 2093. Article 2093 reads:

"All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this chapter, but shall not be affected by this law in so far as they relate to other district courts. All laws and rules of practice and procedure provided for other district courts shall continue in effect and operate and be observed in the civil district courts of the class covered by this law. In all trials and proceedings not provided for herein, the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included herein."

Since the defendants in error admit that the statement of the nature and result of this suit given by the plaintiffs in error in their brief filed in the Court of Civil Appeals is substantially correct, we adopt it, it being:

"May 23, 1925, Leon R. Moore was appointed temporary administrator of the estate of Alice Stewart Lobban, deceased, by the county court of Tarrant county, Tex., sitting in matters of probate. The order provided that the appointment shall cease to be of force on the day of the qualification of executor or administrator. July 9, 1925, the heirs of Alice Stewart Lobban, deceased, other than Mrs. Fannie Stewart Moore, filed a motion in said county court to vacate said order of appointment in so far as the same purported to be extended beyond July 7, 1925, the day designated for taking up probate business at said July term of court. July 23, 1925, this motion was overruled by the county court, and said heirs, to wit, Walter P. Stewart and others, excepted to said order and gave notice of appeal to the district court of Tarrant county, whereupon the amount of the appeal bond was fixed at $200.

"July 31, 1925, the appeal bond in said amount was approved and filed by the county clerk of said county; but said clerk failed to transmit said bond and the other original papers in said proceedings, together with a certified copy of the order appealed from to the clerk of the district court of Tarrant county within 30 days after said order was made, and on this account said appeal was dismissed by the district court for *want of jurisdiction,* and from that judgment this appeal is taken." (Italics ours.)

There is but one assignment of error, which reads:

"The district court erred in sustaining the motion of Leon R. Moore, temporary administrator and appellee, to dismiss the appeal of contestants Walter P. Stewart and others for *want of jurisdiction,* because the order appealed from in said probate matter was entered by the county court of Tarrant county, sitting in matters of probate, the 23d day of July, 1925, and the appeal bond was filed and approved July 31, 1925, and the *jurisdiction* thus conferred on the district court was not lost by the failure of the clerk of the county court to transmit the original papers in said proceedings to the clerk of the district court, together with the appeal bond and a certified copy of the order appealed from within 30 days after said appeal was perfected." (Italics ours.)

In support of this assignment, appellants present this proposition:

"When the appeal from the order of the probate court was perfected, the district court acquired *jurisdiction,* and this *jurisdiction* was not lost by the failure of the clerk of the probate court to transmit the original papers in said proceedings to the clerk of the district court, together with the appeal bond and a certified copy of the order appealed from, within 30 days from the making of such order, there being *no issue of negligence* on the part of appellants raised by the motion to dismiss or passed on by the court." (Italics ours.)

Defendants in error present a counterproposition in the following language taken from their brief filed in the Court of Civil Appeals:

"Appellants' 1st proposition above quoted would be all right if it were to be filed in any district court in any county in Texas where the New Practice Act of July 1, 1923, does not apply; therefore, appellees submit in opposition to appellants' above-quoted proposition, the following:

"Since the passage of the New Practice Act there is but one way to invoke the appellate jurisdiction of a district court of Tarrant county, appealed from the county court or any other inferior court of said county, and that way is provided in paragraph 13 of article 2092 of Vernon's Annotated Revised Civil Statutes of Texas 1925, on page 27 of volume 6 of said statute."

And they then quote section 13, which has already been copied in this opinion.

Appellees' second counterproposition is as follows:

"The procedure of appellants' counsel of having the clerk of the county court of probate to carry the transcript and appeal record and file them in the Forty-Eighth district court of Tarrant county had been repealed by the Act of July 1, 1923, known as the "New Practice Act" for district courts of Tarrant county. And the old way of requiring the clerk to file the transcript did not apply to such courts; and the fact that the able counsel of the appellants employed the clerk of the county court to carry the appeal transcript in his own hands and make manual delivery thereof to the clerk of the district court instead of filing the appeal themselves, would not reinstate the obsolete procedure of allowing two months or more for the county clerk to file such records of an appeal in the district courts of Tarrant county, when too busy to file them earlier."

Appellees' third counterproposition is as follows:

"October 1, 1925, within 20 days from the day the appeal was filed in the Forty-Eighth district court, the appellees, Walter P. Stewart et al., filed their motion in said district court to dismiss said appeal for *want of jurisdiction* on the ground that the law, as amended in 1923, required the appeal to be filed in the district court within 30 days after the rendition of the decree appealed from. October 29, 1925, this motion of the appellees to dismiss the appeal for *want of jurisdiction* was sustained by the district court and the appeal dismissed for *want of jurisdiction*, to which the appellants excepted and gave notice of appeal and have duly filed their transcript in this honorable court, and on the 2d day of February, 1926, whereupon the appellees, Walter P. Stewart et al., filed their motion to dismiss said appeal in this court (meaning Court of Civil Appeals) *for want of jurisdiction* of this court to entertain the appeal because the district court had dismissed for *want of jurisdiction*, and the only question for this court to determine (meaning the Court of Civil Appeals) is whether it has *jurisdiction* to entertain the appeal coming from the district court which had no *jurisdiction* to herein determine the appeal from the county court." (Italics ours.)

On this question, appellees, Walter P. Stewart et al., present their fourth counterproposition as follows:

"The Forty-Eighth district court of Tarrant county having held it had no *jurisdiction* of the appeal from the county court to hear and try the case upon its merits, this court (meaning the Court of Civil Appeals) by an appeal from said order dismissed for *want of jurisdiction*, acquires *no jurisdiction* except to pass upon whether the Forty-Eighth district court had *jurisdiction* and should have heard the case on its merits. This, is the only question this court has *jurisdiction* to consider, and appellees' motion to dismiss the appeal should have been entertained and granted by this court." (Italics ours.)

In addition to the statute from which the quotations heretofore have been made, defendants in error cite Box v. Pierce (Tex. Civ. App.) 278 S. W. 226, in support of their counterpropositions.

The Court of Civil Appeals having dismissed the appeal of the plaintiffs in error on the sole ground that the district court had no jurisdiction of the appeal, and therefore it did not, the plaintiffs in error filed their application for writ of error to the Supreme Court, which was granted on the only assignment of error presented, which has been copied heretofore, and the case having been referred to this section and argument of counsel having been duly heard, we proceed to dispose of the matter as to us seems proper.

The so-called "New Practice Act" has been reviewed by the Supreme Court in Pierce Co. v. Watkins, 114 Tex. 153, 263 S. W. 905, and also in Townes v. Lattimore, 114 Tex. 511, 272 S. W. 435. In the first case mentioned the proceeding was an application to mandamus Judge Royal R. Watkins, one of the district judges of Dallas county, to which county the New Practice Act applies. Justice Pierson discussed in that case subdivisions 15, 16, and the introductory language of article 2092, holding that where no motion for new trial was filed within the time prescribed by this act, the court was without authority to vacate and set aside the judgment on motion made more than 30 days from entry, and, further, that under the provisions of this act relating to the time for motion for new trial and time after which judgment becomes final in such courts, in the absence of a motion for new trial filed after the expiration of 30 days, the judgment was final. The Supreme Court, speaking through Justice Pierson, says, in speaking of this statute:

"This is a procedural statute. It is the settled law that a litigant has no vested right in a remedy, and that remedial statutes are valid and control the litigation from the date they become a law, and all proceedings taken thereafter must be under the new law."

It will be seen that the question involved in the case before us was not involved in the case from which the quotation is taken, but in the case of Townes v. Lattimore, the Supreme Court, speaking through Chief Justice Cureton, does inferentially determine the exact question now before us. The case last mentioned was also a mandamus one, in which respondents White and wife brought suit against J. W. Townes in the Ninty-Sixth judicial district court of Tarrant county, and on November 27, 1923, verdict and judgment was rendered to the effect that they take nothing by their suit. On November 30, 1923, they filed their original motion for a new trial in the cause, praying the court to set aside the judgment and grant them a new trial. This motion was never presented to the court nor acted upon by him, but on the 2d day of January, 1924, without leave of the court first had, the respondents filed their first amended original motion for a new trial. On the 4th day of January the relator, Townes, filed objections to a consideration of the amended motion, and moved to strike it out, which objections were overruled and a new trial was granted on the amended motion. The contention was there made, and was again insisted on in the Supreme Court, that the amended motion was not filed in time and in the manner required by the New Practice Act, in that the amended motion was filed more than 20 days after the filing of the original motion, and without leave of the court, which said New Practice Act requires should be done. By reason of these facts it was insisted that, under the law, the original judgment became final at the end of 30 days from its date, and the trial court was without jurisdiction and power to act on the amended motion for new trial. The prayer

was made for a mandamus to Judge Lattimore, commanding him to give force and effect to the judgment of November 27, 1923, and proceed no further with the cause so long as the judgment remained unreversed. In that case the Supreme Court denied the relator the mandamus for which he prayed, holding that the court's jurisdiction of an amended motion for a new trial was not affected by the failure to present it within the time required by the New Practice Act where an original motion was pending in the court, as trial of the case was not concluded until such motion was disposed of, and further holding that, notwithstanding the provisions of the New Practice Act, the trial court had authority in his discretion to permit the filing of an amended motion for a new trial after the 20-day period had expired so long as he had jurisdiction of the case. It will thus be seen that notwithstanding the provisions of the New Practice Act relating to the time within which motions for new trial may be filed, the court had jurisdiction of the subject-matter and the power to hear and determine the motion after the expiration of the time, strictly speaking, within which the motion might be filed, it appearing that the original motion had been filed in time which gave the court jurisdiction, and the court had the right at any time to grant the leave to file an amended motion. It will thus be seen that where the court has jurisdiction of a matter, it does not lose it by the failure to literally comply with the provisions of the New Practice Act relating to the time within which motions and amended motions for new trial may be filed.

Article 3698, Statutes of 1925, Tit. 54, c. 30, relating to estates of deceased persons, provides that:

"Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter."

While article 3699 of the same statutes, chapter and title, provides that:

"He shall, within fifteen days after such decision, order, judgment or decree shall have been rendered, file with the county clerk a bond with two or more good and sufficient sureties, payable to the county judge in any amount to be fixed by the county judge, conditioned that the appellant shall prosecute said appeal to effect and perform the decision, order, decree or judgment which the district court shall make thereon, in case the cause shall be decided against him."

In Warne v. Jackson (Tex. Civ. App.) 230 S. W. 242, the court there declares that where an appeal bond is required by statute, it is a jurisdictional matter, and a judgment without such bond having been given is a nullity.

Article 3702 of the same statutes, title, and chapter provides that:

"Upon such appeal bond or affidavit being filed with the county clerk, he shall immediately transmit all the original papers in said proceedings to the clerk of the district court together with the appeal bond or affidavit and a certified copy of the order or decree appealed from on or before the first day of the next term of such district court, if possible, otherwise to the next succeeding term thereof, and the district clerk shall immediately file and docket the cause in the district court. Such cases shall be tried de novo in the district court, and shall be governed by the same rules of procedure as other civil cases in said court."

In Cavanaugh v. Cavanaugh (Tex. Civ. App.) 249 S. W. 264, the opinion declares that the filing of the bond in the county court supersedes the judgment, order, or decree of that court. On such appeal to the district court from an order in the county court the court acts de novo with the same power as that possessed originally by the probate court. Goldstein v. Susholtz (Tex. Civ. App.) 105 S. W. 222.

[1] The district court in such cases has only appellate jurisdiction to revise, declare void, or set aside orders of the county court, sitting in probate, by reason of the fact that it is an appellate court notwithstanding it acts de novo. Brown v. Fleming (Tex. Com. App.) 212 S. W. 483.

In the case of Kahn v. Israelson, 62 Tex. 221, Associate Justice Stayton, speaking for the Supreme Court, holds that when notice of appeal from the county court is given, the appeal is taken, and from that time the district court has jurisdiction of the cause.

The Supreme Court, speaking through Associate Justice Bonner, in the case of Ball, Hutchings & Co. v. Lowell, 56 Tex. 582, uses this language:

"The statute made it the duty of the county clerk to make out and transmit to the clerk of the district court the transcript; and further provided, that if he could not, for want of time, do so to the first succeeding term, he should to the next term thereafter; showing that time was not absolutely essential to give the district court jurisdiction."

[2-4] Courts must carry out the legislative intent and effectuate the object and policy of the law. Spann v. Sterns, 18 Tex. 569. While the right of appeal is governed by the Constitution and the laws of the state, the provisions relating thereto must be liberally construed, since it is apparent that it was the Legislative intent to give a liberal construction to the policy of the law relating to the subject of appeals from the judgment of an inferior court to a superior one. Jurisdiction is the power to hear and determine a cause. Banton v. Wilson, 4 Tex. 403; Brownsville v. Basse, 43 Tex. 449; Caruthers v. Harnett, 67 Tex. 130. Each state can prescribe the manner for its courts to acquire

and exercise jurisdiction and proceedings conforming thereto are valid within its territory. Campbell v. Wilson, 6 Tex. 391.

[5-13]. There are three elements of jurisdiction: (1) The court must have cognizance of the class of cases to which the one to be adjudicated belongs; (2) the proper parties must be present; (3) the point decided must be in substance and in effect within the issue. It is regulated by the Constitution or by the statutes enacted in pursuance of the Constitution and by the common laws so far as not repugnant to the federal and state Constitution and laws, and courts cannot either decline jurisdiction nor assume that which is not conferred. Jurisdiction in its broadest sense is the authority to hear and determine a cause; the power to hear and determine issues of law and of fact; the authority by which judicial officers take cognizance and decide causes; the authority to hear and determine a legal controversy; the power to hear and determine a particular case involved.

It is apparent from the record in this cause that the plaintiffs in error filed their appeal bond, duly approved, within the time prescribed by law. This admitted fact divested the county court of Tarrant county of all jurisdiction over the case. When the county court was thus deprived of its jurisdiction eo instanter, the district court was invested with jurisdiction over the case. Within the time prescribed by law, which is 30 days, the duty alone rested upon the clerk of the county court to transmit the original papers, together with a certified copy of the order of the county court from which the appeal was taken, to the clerk of the district court, whose duty it was to file the papers and docket the cause. The law presumes, until the contrary is shown, that every official will discharge the duties imposed upon him as such by the law. In the absence of affirmative proof that an official does not intend to perform his duty, none rested upon the parties to compel him to do so by making an application for a mandamus under proper authority. After an official has in fact failed to perform his duty, there then rested upon any one interested in the subject-matter a duty to proceed by the proper legal methods to compel the derelict official to do what the law required of him in the premises. Just when a party to a litigation thus situated has lost his right to prosecute his appeal in the appellate court is a fact which must be determined by the court having jurisdiction, which in this case we hold to be the district court, by reason of the fact that the bond provided by law was filed within the time prescribed by the statute, the legal effect of which was to give the district court jurisdiction of the case.

[14] The determination of this fact is not within the jurisdiction of the Supreme Court, and no issue of fact was made in the district court nor in the Court of Civil Appeals, but the issue made by the pleadings was determined purely, solely, and alone upon the proposition alleged by the defendants in error that the district court had no jurisdiction of the subject-matter by reason of the mere fact that the clerk had not filed the papers, together with certified copy of the order of the county court, within 30 days from the time the order was entered.

The district court having reached the conclusion that it had no jurisdiction because of this particular fact, and the Court of Civil Appeals having affirmed the judgment of the district court upon that question alone, there being no issue of negligence on the part of the plaintiffs in error raised in the pleadings nor in the testimony, we are of the opinion that the Court of Civil Appeals erred in affirming the judgment of the district court, and we therefore recommend that the judgment of the Court of Civil Appeals, affirming the judgment of the district court, and that of the district court, be reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.