## WHITE v. SPELLMAN. (No. 336.)

Court of Civil Appeals of Texas. Eastland. Sept. 16, 1927.

1. Appeal and error ⬅➡782—Appeal from interlocutory order granting new trial must be dismissed (Acts 1927, c. 52, amending Acts 1925, c. 18).

Under Acts 1927, c. 52, amending Acts 1925, c. 18, appeal to Court of Civil Appeals from interlocutory order granting new trial must be dismissed for want of jurisdiction.

2. Appeal and error ⬅➡110—Amended motion for new trial held not bill of review, but ordinary motion for new trial, from granting of which no appeal lies.

Amended motion for new trial, filed by defendant after overruling of previous motion, in disregard of his plain and adequate legal remedy to vacate erroneous judgment against him, and without setting up equitable grounds, cannot be considered as bill of review, being merely an ordinary motion for new trial, from granting of which no appeal lies.

Appeal from District Court, Dallas County.

Action by J. A. White against John M. Spellman. Judgment for plaintiff, and from an order granting a new trial, plaintiff appeals. Appeal dismissed.

Gresham, Willis & Freeman and Alvin H. Lane, all of Dallas, for appellant.

Olen E. Nesmith, of Dallas, for appellee.

PANNILL, C. J. The appellant brought suit in the Forty-Fourth district court of Dallas county on a promissory note. The defendant answered, setting up a number of defenses unnecessary to notice further. There was a trial with judgment for the plaintiff on June 30, 1925. This judgment, however, was not entered on the minutes until February 1, 1926, when a nunc pro tunc order was entered by the court ordering said judgment entered of record as of date October 19, 1925. On July 10, 1925, appellee filed his motion for new trial, which was overruled on October 19th. October 27th appellee filed an amended motion for a new trial. This amended motion reiterated all the grounds set up in the original motion, and in addition thereto asserted error in the court's action in overruling his previous motion, based upon the proposition of law apparently for the first time advanced that the note sued on was given for a patent right and did not so state upon its face and was therefore void under chapter 76, Acts of the Legislature 1915. This motion was heard by the court on the 29th of December following its filing and sustained and an order entered granting the defendant, appellee here, a new trial. From this order the plaintiff has appealed. The so-called amended motion for a new trial was based entirely upon the application of principles of law to the facts already adduced in evidence and set up no new or additional facts, and, in fact, asserted no equitable reason whatever for setting the plaintiff's judgment aside.

[1] If the order of the court appealed from granting the defendant a new trial is an interlocutory order and not a final judgment, the appeal must be dismissed under the holding in Moore v. Clem (Tex. Civ. App.) 295 S. W. 941; and Texas Farm Bureau v. Lennox (Tex. Civ. App.) 296 S. W. 325, where it was held that chapter 52, Laws of 1927, amending chapter 18, Acts of 1925, deprived the Courts of Civil Appeals of jurisdiction to consider an appeal from an order granting a new trial, even though the appeal was pending when the act of 1927 took effect.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] It appears from the decisions in Pierce v. Watkins, 114 Tex. 153, 263 S. W. 905, and Lynn v. Hanna (Tex. Com. App.) 296 S. W. 280, that the amended motion for a new trial cannot be considered as a bill of review. It is plainly held in Lynn v. Hanna, supra, where a defendant enters an appearance during a term, has a legal remedy to vacate a judgment rendered against such a defendant, and fails to take advantage thereof, he cannot resort to a court of equity for relief by a bill of review.

The order of the court setting the judgment aside expressly grants the defendant a new trial and treats the amended motion as being one merely for a new trial. At the time the amended motion for a new trial was filed appellee, Spellman, had previously filed a motion for a new trial which had been duly overruled by the court. At this time he had a plain and adequate remedy at law against the judgment rendered against him if the same was rendered in error, and he could not disregard this remedy and seek to set aside the judgment by the filing of a bill of review. For this reason, as well as for the reason that no equitable grounds were set up in his motion, the same was merely an ordinary motion for a new trial, and no appeal will lie from an order of the court granting the same.

If the trial court was without jurisdiction to enter an order setting aside the judgment on an ordinary motion for a new trial, the appellant is not without his legal remedy. Pierce v. Watkins, supra.

This question is not before us, however, and no opinion is expressed thereon.

For the reasons stated, the appeal will be dismissed.