JOY v. YOUNG et al.
No. 9549.

Court of Civil Appeals of Texas. Austin.
April 10, 1946.

Ross Huffmaster, of Kaufman, for appellant.

Leake, Henry, Young & Golden and Hawkins Golden, all of Dallas, for appellees.

BAUGH, Justice.

Appeal is from an order of the District Court of Dallas County dismissing an application for a so-called "Bill of Review" filed by appellant seeking to set aside a judgment of the same district court theretofore rendered against Joy in favor of Harold H. Young et al., for attorneys' fees.

The judgment in question was rendered on February 12, 1944, in favor of Harold H. Young and Hawkins Golden, attorneys, for legal services theretofore rendered by them to M. A. Joy, in the sum of $675. The application for review here involved was filed on March 8, 1944. It was filed under the same style as the case in which the judgment was rendered, but was docketed as a separate cause and citation issued thereon.

The grounds alleged by Joy were; 1. That he had never employed the appellees to represent him in any legal matter; and that said appellees had never performed any services for him. 2. That the suit for attorneys' fees against him had been dismissed on January 5, 1944; that he learned of such dismissal on January 6; that on January 11 appellee filed a motion to reinstate that case, of which no notice

was ever given him; that on January 12, 1944, the trial court granted said motion and reinstated the case on the docket without his knowledge; that the case was tried on February 12, 1944, without his knowledge; that consequently he was not present and did not make any defense to the suit; and that he did not learn that judgment had been rendered against him for such attorneys' fees until three (3) days before the filing of his petition for bill of review.

The trial court sustained appellees' special exception to such pleading and dismissed it, and refused to give appellant opportunity to amend.

The contentions here made are: 1. That the trial court erred in dismissing the so-called bill of review; and 2. in not permitting the appellant to amend his pleadings.

We have concluded that no error is shown. The record affirmatively shows that the judgment complained of was rendered on February 12, 1944. The court in which it was rendered remains in continuous session, and that judgment did not become final until thirty (30) days after its rendition. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905; American Soda Fountain Co. v. Hairston, Tex.Civ.App., 69 S.W.2d 546, 547. Until that judgment did become final the trial court retained jurisdiction over it. Consequently the record affirmatively shows that the purported bill of review here involved was filed before the expiration of thirty days from the date of the judgment, at which time such judgment had not become final, and was not then subject to being set aside by bill of review.

The instrument so filed, therefore, may be treated as a motion for rehearing or a motion to vacate, rather than as a bill of review. Not having been acted upon before the judgment became final; no request having been made by the appellant to act upon it before that time; and no request that the term of the court be extended for the purpose of acting upon such motion; it was, after the expiration of thirty days from the date of the judgment, overruled by operation of law. The situation thus presented is practically identical with that presented in Arenstein v. Jencks, Tex.Civ.App., 179 S.W.2d 831, wherein the so-called bill of review was dismissed under similar circumstances; and the decision in that case is controlling here.

Nor was it error, under such circumstances, for the trial court to decline to permit appellant to amend his pleadings. No amendment which the appellant could have made to his pleadings could alter the facts shown by the record, of which the trial court clearly had the right to take judicial notice. Griffith v. Tipps, Tex.Civ.App., 69 S.W.2d 846; Victory v. State, 138 Tex. 285, 158 S.W.2d 760; 17 T.J., § 27, p. 202; ibid. § 28, p. 204. And these record facts, regardless of what such amendment, if allowed, might contain, would require the trial court to enter the same order as that herein appealed from. The judgment is therefore affirmed.

Affirmed.