Dorothy D. PEARCE, Appellant,

v.

Roy Frederick PEARCE,
Jr., et al., Appellees.

No. 08–91–00103–CV.

Court of Appeals of Texas,
El Paso.

Nov. 27, 1991.
Rehearing Overruled Jan. 2, 1992.

Denis Dennis, Mike Atkins, McMahon, Tidwell, Hansen, Atkins & Fowler, P.C., Odessa, for appellant.

Wm. Monroe Kerr, Kerr, Fitz–Gerald & Kerr, Midland, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

A jury returned, in part, a favorable verdict for Dorothy D. Pearce which awarded $1,825,639.00 in reimbursement to the community estate of Dorothy and Roy Pearce, Sr. The trial court, however, entered a "take nothing" judgment in favor of Appellees. We reverse.

Dorothy D. Pearce married Roy Pearce, Sr. in October 1981. The marriage ended with Roy, Sr.'s death on September 2, 1988. Shortly after the marriage of the parties, Dorothy signed a Trust Indenture. The Trust Indenture created the "Pearce Trust" which provided, in part, that the corpus of the trust was the sole and separate property of Roy, Sr. and Roy, Jr. After his father's death, Roy, Jr. contended that Article Nine of the Trust Indenture foreclosed Dorothy from recovering any community property interest, including any right of reimbursement, from the estate of Roy, Sr.

Article Nine of the Trust Indenture specifically provides that any income or increase in the separate property of Roy, Sr. shall remain the separate property of Roy, Sr. and Dorothy **"shall neither have nor acquire any community property or other rights to such property or the income therefrom, now or in the future, in the absence of other and further written agreement between Roy Frederick Pearce, Sr., and Dorothy Pearce."** [Emphasis added].

### THE LAWSUIT

Dorothy filed suit against Roy, Jr., individually and in his capacity as trustee and independent executor of the estate of Roy, Sr. In particular, Dorothy sought a declaration that the Trust Indenture was unenforceable as a result of unconscionability and fraud. In addition, Dorothy claimed that (1) she was entitled to her one-half community property interest and (2) the community estate was entitled to reimbursement based on the "time, toil, talent and effort" expended by Roy Pearce, Sr. for the benefit of his separate estate.

### THE JURY VERDICT

Before the case was submitted to the jury, the trial judge found that the Trust Indenture was not unconscionable as a matter of law. The case was then submitted to the jury on four questions. The jury answered questions one, three and four of the charge. In its answers to the charge, the jury specifically found that (1) Dorothy Pearce voluntarily executed the Trust Indenture; (2) the community estate was entitled to $1,825,639.00 reimbursement from Roy, Sr.'s separate estate; and (3) Roy, Sr.'s separate estate was not entitled to any reimbursement from the community estate.

Pursuant to Roy, Jr.'s motion, the trial court disregarded the jury's reimbursement award and entered a "take nothing" judgment. Although the trial court failed to pronounce the reasons for entering such a judgment, the trial court's judgment is tantamount to a judgment notwithstanding the verdict. Consequently, the issues presented in this appeal are three-fold. First, is the Trust Indenture a legally enforceable post-nuptial agreement? Second, does the language of the agreement bar Dorothy's community property and reimbursement claims? Finally, if the Trust Indenture does not preclude a reimbursement claim, the issue is whether there is evidence to support the jury's reimbursement award.

■ When reviewing a judgment notwithstanding the verdict, an appellate court must consider only the evidence and the inferences tending to support the jury's finding and disregard all evidence and inferences to the contrary. *Boatright v. Texas American Title Company*, 790 S.W.2d 722, 728 (Tex.App.—El Paso 1990, error dism'd), citing *Dodd v. Texas Farm Products Company*, 576 S.W.2d 812 (Tex.1979). Thus, if there is more than a scintilla of evidence to support the jury's findings, the trial court's judgment notwithstanding the verdict will not survive an appellate attack.

### THE LEGAL EFFECT OF THE TRUST INDENTURE

■ The Trust Indenture was executed December 10, 1981, some two months after

Dorothy and Roy, Sr. were married. In the instrument, both parties agreed that the separate property of Roy, Sr. would remain his separate property during and after the marriage. The parties further agreed that all increases and income from the separate property would constitute part of Roy, Sr.'s separate estate, thereby abrogating all community rights to such property. By entering into such an agreement, the parties created a post-nuptial agreement.

Texas courts have closely scrutinized property agreements made by spouses during the marriage. *Daniel v. Daniel,* 779 S.W.2d 110 (Tex.App.—Houston [1st Dist.] 1989, no writ). In the past, Texas has adhered to the "mere agreement" rule. In effect, this rule prohibited a husband and wife from changing their community property into separate property by mere agreement because the Texas Constitution permanently fixed the character of property held in Texas. *Kellett v. Trice,* 95 Tex. 160, 66 S.W. 51 (1902); *King v. Bruce,* 197 S.W.2d 830 (Tex.Civ.App.—Fort Worth, 1946), rev'd on other grounds, 145 Tex. 647, 201 S.W.2d 803 (1947). Texas, however, abandoned the mere agreement rule with a 1980 amendment to Article XVI, Section 15 of the Texas Constitution. Tex. Const. art. XVI, § 15 (1980, amended 1987).

■ Article Nine of the Trust Indenture attempts to change the character of community property by providing that income from separate property will remain separate property. It also provides that Dorothy "shall neither have nor acquire any community property or other rights to such property." This type of agreement clearly constitutes a recharacterization of property because income from separate property is characterized as community property. *Gutierrez v. Gutierrez,* 791 S.W.2d 659 (Tex. App.—San Antonio 1990, no writ). Despite this rule of law, the recharacterization of property involved in this case is constitutionally permissible.

The 1980 constitutional amendment to Article XVI, Section 15 allows greater flexibility in regard to post-nuptial agreements. Pursuant to this amendment, spouses can now partition community property not yet in existence and spouses can also agree that the income and increases from separate property will remain separate property. Tex. Const. art. XVI, § 15 (1980, amended 1987). Thus, the legal effect of the Trust Indenture is to preserve the separate character of Roy, Sr.'s property and negate all community property rights in the income or increases associated with such property.

On appeal, Dorothy argues that regardless of its legal effect, the Trust Indenture is unenforceable. In particular, Dorothy claims that the jury was improperly instructed on the issue of enforceability and the trial court incorrectly concluded that the agreement was not unconscionable.

In regard to enforceability, the jury found that Dorothy voluntarily executed the agreement. Dorothy, however, contends that the trial court improperly placed the burden of proving the unenforceability of the agreement on her. Specifically, Dorothy claims that because the agreement was entered into in 1981, the law in effect at that time should have been included in the instructions to the jury.

In 1981, the proponent of a marital agreement had the "burden to prove by clear and convincing evidence that the party against whom enforcement is sought gave informed consent and that the agreement was not procured by fraud, duress or overreaching." Tex.Fam.Code Ann. § 5.45, amended by, Act of June 18, 1987, ch. 678, § 1, 1987 Tex.Gen.Laws 3, 2532. In 1987, however, the Texas legislature shifted this burden to the opponent of the marital agreement. Tex.Fam.Code Ann. § 5.55 (Vernon Supp.1991).

Section 5.55 of the Texas Family Code places the burden of proving the invalidity of a marital agreement upon the party seeking to avoid its enforcement. This burden can be overcome only by a showing that the agreement was not executed voluntarily or that the agreement was unconscionable when it was executed and (1) there was not a fair disclosure of the property or financial obligation of the other party; (2) the party did not voluntarily and expressly waive any right to such a disclo-

sure; and (3) the party had no knowledge of the property or financial obligations of the other party. Tex.Fam.Code Ann. § 5.55.

A statutory amendment, such as Section 5.55, may be applied retroactively if the amendment does not impair vested rights. *Cox v. Robinson*, 105 Tex. 426, 150 S.W. 1149 (1912). An amendment does not impair vested rights if it is procedural and remedial in nature. *Pierce v. Watkins*, 114 Tex. 153, 263 S.W. 905 (Tex.1924); *Brooks v. Texas Employers Insurance Association*, 358 S.W.2d 412 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.).

Texas courts have applied Section 5.55 retroactively, explicitly finding that the amendment is procedural and remedial in nature. *Daniel v. Daniel*, 779 S.W.2d at 113; *Beck v. Beck*, 792 S.W.2d 813 (Tex. App.—Dallas 1990), affirmed, 814 S.W.2d 745 (1991). The amendment is procedural because it does not impair vested rights, instead it simply sets forth the procedures to be followed by courts in litigation involving challenges to the enforceability of marital agreements. In short, Section 5.55 pertains to the practice and procedures of determining whether marital agreements were voluntarily executed.

The trial court correctly applied Section 5.55 retroactively to the Trust Indenture. As a result, no error was committed by the trial court's refusal to submit Dorothy Pearce's requested instruction concerning the law in effect in 1981.

In addition to the retroactive application of Section 5.55, the trial court also refused to submit Appellant's requested definitions and instructions on voluntariness and fiduciary duty. Dorothy properly preserved and assigned error to the trial court's charge.

Refusal to submit a requested definition or instruction will not be overturned unless an abuse of discretion is found. The standard of review for a trial court's failure to instruct is that the error must have caused, or can be reasonably calculated to have caused, the rendition of an improper verdict. Tex.R.App.P. 81(b)(1); *Bryan v.*

*Dockery*, 788 S.W.2d 447 (Tex.App.—Houston [1st Dist.] 1990, no writ).

Based on the standard of review set forth above, no reversible error was committed by the trial court's refusal to submit the Appellant's requested definition and instruction.

Finally, in regard to the issue of unconscionability, the Texas Family Code specifically states that it is an issue to be determined by the trial court as a matter of law. Tex.Fam.Code Ann. § 5.55. An appellate court, in turn, has the duty to independently evaluate the trial court's findings upon the law. *Daniel*, 779 S.W.2d at 114.

By submitting the case to the jury, the trial court impliedly found that the Trust Indenture is not unconscionable as a matter of law. Dorothy does not dispute the fact that unconscionability is a matter of law for the court to decide. Instead, she argues that the trial court should have held the Trust Indenture unconscionable because, at the time the agreement was signed, she did not have a lawyer, she did not read or understand the agreement and there was no reasonable disclosure of its effect made to her.

The Texas legislature and Texas courts have not defined "unconscionable" in the context of marital property agreements. Instead, Texas courts have addressed the issue of unconscionability on a case-by-case basis, looking to the entire atmosphere in which the agreement was made. Hence, the trial court could properly consider the fact that Dorothy "kept the books" for Roy, Sr., both before and after the marriage. Evidence also revealed that Dorothy had urged Roy, Jr.'s wife to sign the agreement, knowing that Roy, Jr.'s wife had been advised by an attorney not to sign the agreement. Based on facts such as these, we cannot say the trial court erred in refusing to find the agreement was unconscionable.

We hold that the Trust Indenture was valid and a legally enforceable agreement.

## REIMBURSEMENT

Does the language employed in the agreement bar reimbursement to the community estate from the separate estate of Roy, Sr.?

■ Texas courts have recognized the community's claim for reimbursement based on the "time, toil, talent and effort" expended by a spouse to enhance his/her separate estate. *Vallone v. Vallone,* 644 S.W.2d 455 (Tex.1983); *Jensen v. Jensen,* 665 S.W.2d 107 (Tex.1984). Thus, when time, toil, talent and effort have been expended for the betterment of a marital estate, it is clear that a spouse has the option of pursuing a claim for reimbursement. If the spouse has entered, as in this case, a post-nuptial agreement, one must determine whether such a claim has been waived.

■ A marital agreement should be interpreted according to the true intentions of the parties as expressed in the instrument. *Coker v. Coker,* 650 S.W.2d 391 (Tex.1983). The Trust Indenture involved in this case does not mention "reimbursement," nor does it contain a release or waiver of such a claim. In fact, there is no provision in the agreement that specifically addresses the issue of future wages and/or time, toil, talent and effort of either spouse. Instead, the agreement only refers to community property and/or other rights to the separate property of Roy, Sr. Reimbursement, however, is not a property right, it is an equitable claim that arises upon dissolution of the marriage through death, divorce or annulment. *Vallone,* 644 S.W.2d at 459, citing *Burton v. Bell,* 380 S.W.2d 561 (Tex.1964); *Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620 (1935).

We find that the language of the Trust Indenture cannot be construed as a bar to Appellant's claim for reimbursement. There is no manifestation of intent to exclude such a claim. *Dewey v. Dewey,* 745 S.W.2d 514 (Tex.App.—Corpus Christi 1988, writ denied). The pertinent provision of the Trust Indenture merely characterizes the income and/or increases from the separate property of Roy, Sr. and it does not reach far enough to cover claims for reimbursement. We find that the award of the jury for reimbursement to the community estate for the time, toil, talent and effort expended by Roy, Sr. on his separate estate does not conflict with the language employed in the Trust Indenture.

## WILL THE EVIDENCE SUPPORT THE VERDICT FOR REIMBURSEMENT?

■ We have already stated that the Trust Indenture does not bar claims for reimbursement. As a result, it is necessary to review the evidence and the inferences tending to support the jury's finding and determine whether there is more than a scintilla of evidence to support the reimbursement award. *Boatright,* 790 S.W.2d at 728; *Dodd,* 576 S.W.2d at 812. As previously mentioned, if there is more than a scintilla of evidence to support the jury verdict, the trial court's judgment notwithstanding the verdict will not survive an appellate attack.

In addition to addressing this "no evidence" point, it is also necessary to address a cross-point raised by Roy, Jr. Specifically, Roy, Jr. asserts there is insufficient evidence to support the jury's finding on reimbursement.

Roy, Jr. frankly admits in his brief that there is some evidence showing that Roy, Sr. spent time and effort in the management of the trust assets during the marriage. In fact, Roy, Sr. worked as an oil and gas operator during the entire course of the marriage. Gross profits during the marriage, as shown by financial documents, were approximately $15 million, moreover, the great majority of profits from Roy, Sr.'s various endeavors were deposited into the Pearce Trust account. Linking all of this evidence together, an expert witness testified that the financial success of the trust assets resulted from the time, toil, talent and effort of Roy, Sr.

A review of the record reveals that there was more than a scintilla of evidence to support the jury's finding. Therefore, the trial court erred in granting a judgment notwithstanding the verdict.

BUT WAS THERE SUFFICIENT EVIDENCE TO FIND THAT THE COMMUNITY ESTATE WAS ENTITLED TO BE REIMBURSED IN THE AMOUNT OF $1,825,639.00?

We must examine all the evidence in the record to determine a factual sufficiency point. *Lofton v. Texas Brine Corporation*, 720 S.W.2d 804 (Tex.1986). Then, we can only set aside the finding if it so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175 (Tex.1986).

Based on expert testimony, the value of Roy, Sr.'s time, toil, talent and effort was estimated to be worth a high of $1,277,000.00. The jury, however, awarded approximately $500,000.00 more for reimbursement than this evidence established. This finding is unsupported in the record. Therefore, the amount of the jury verdict is against the great weight and preponderance of the evidence as to be manifestly unjust. Enforcement of such an award would require Roy, Sr. to pay more in reimbursement than his estate was benefitted. *Gutierrez*, 791 S.W.2d at 663, *citing Anderson v. Gilliland*, 684 S.W.2d 673 (Tex.1985).

Roy, Jr.'s cross-point as to the insufficiency of the evidence to support the reimbursement award is sustained.

■ Closely connected to the reimbursement issue is the question of prejudgment interest. In the trial court, the trial judge refused to allow Dorothy's post-trial amendment, requesting prejudgment interest. On appeal, Dorothy claims this refusal constituted reversible error.

The standard of review for the refusal of a post-trial amendment is whether the trial court abused its discretion. Tex.R.Civ.P. 66; *Yowell v. Piper Aircraft Corporation*, 703 S.W.2d 630 (Tex.1986). In determining whether the trial court abused its discretion, this Court must determine whether the refusal was arbitrary and unreasonable. *Yowell*, 703 S.W.2d at 634.

Pursuant to the decision of *Benavidez v. Isles Construction Company*, 726 S.W.2d 23 (Tex.1987), we hold that the trial court erred in refusing to allow such an amendment. No evidentiary proof was required and such a request could not or should not operate as a surprise.

We sustain Appellant's point of error regarding the post-trial amendment.

### CONCLUSION

Having considered all points and cross-points of error raised on appeal, we hold that the Trust Indenture was valid and it did not bar reimbursement to the community estate for the time, toil, talent and effort expended by Roy Pearce, Sr. on his separate estate.

We hold that there was insufficient evidence to support the reimbursement award of $1,825,639.00.

We further hold that the trial court erred in refusing to grant the post-trial amendment for allowance of prejudgment interest.

We reverse and remand the case to the trial court for a new trial on the claim for reimbursement to the community estate of Dorothy D. Pearce and Roy Frederick Pearce, Sr., for the time, toil, talent and effort expended by Roy Pearce, Sr. on his separate estate.