LYON–TAYLOR CO. v. JOHNSON.
(No. 166.)

(Court of Civil Appeals of Texas. Beaumont. March 30, 1917. Rehearing Denied June 13, 1917.)

1. JUDGMENT ⬥461(2) — SETTING ASIDE — FRAUD—ADMISSIBILITY OF EVIDENCE.

In action to set aside a purchase price judgment, evidence that goods shipped by seller to other parties were not as represented is inadmissible, especially where there was no proof that the goods shipped to the judgment debtor were not as represented.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 893.]

2. JUDGMENT ⬥564(1) — RES JUDICATA — FINAL JUDGMENT.

In action to set aside a purchase price judgment because of fraud, etc., a previous judgment merely setting aside the purchase price judgment is not a final judgment precluding the seller from denying the alleged fraud.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1015, 1017.]

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by John S. Johnson against the Lyon-Taylor Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

See, also, 147 S. W. 605.

Crook, Lord, Lawhon & Ney, of Beaumont, for appellant. E. E. Easterling, of Beaumont, for appellee.

DAVIS, J. September 13, 1905, the Lyon-Taylor Company filed suit against John S. Johnson in the county court of Jefferson county, Tex., in cause numbered 1514, upon a written contract between plaintiff and defendant, under the terms of which, as alleged, the defendant, Johnson, ordered to be delivered to him f. o. b. transportation company an assortment of jewelry of the value of $380, and also to recover interest. The defendant, Johnson, specially answered that it was understood between the agent of the Lyon-Taylor Company and himself that said goods were to be delivered f. o. b. transportation company at Beaumont, Tex., and that said contract had been altered since he signed it, and, further, that plaintiff agreed to pay the freight charges.

The case was tried March 13, 1907, and resulted in a judgment in favor of the plaintiff, Lyon-Taylor Company, for the sum sued for with interest, and from this judgment the defendant, Johnson, appealed to the Court of Civil Appeals at Galveston, and the judgment of the lower court was there affirmed on June 18, 1908; and on November 2, 1908, John S. Johnson filed a suit or bill of review in the county court of Jefferson county against the Lyon-Taylor Company, in cause No. 2086, in which he sought to set aside the judgment rendered against him in cause No. 1514, because of fraud upon the part of the Lyon-Taylor Company, and alleged, in substance, that the plaintiff, Johnson, ordered the jewelry, the subject-matter in the original suit, by samples, and that at the time of giving the order he was induced by the defendant, the Lyon-Taylor Company, to believe that the jewelry so ordered by him would in every way come up to and equal in quality and kind the samples exhibited to him by defendant at the time of his giving the order to defendant; that the jewelry shipped was not according to or in any way equal to the samples exhibited by defendant to plaintiff, but the jewelry shipped by defendant to plaintiff was old, corroded, and flimsy jewelry, and of no inherent value within itself, and of no market value whatever; that at the time of the trial in cause No. 1514, wherein the said Lyon-Taylor Company procured a judgment against him, he did not know, and had no means of knowing, that said jewelry was not according to the order and the samples exhibited, and that said Lyon-Taylor Company had, by fraud, procured said order from plaintiff, and that at the time of the procuring of said order the said Lyon-Taylor Company had no intention of filling said order in good faith, with the kind of goods, quality and character, as represented by defendants, and as shown by the samples at the time of the purchase.

The defendant, Lyon-Taylor Company, answered, setting up, among other pleas, the judgment in cause No. 1514 as res adjudicata of plaintiff's suit.

This suit was tried on January 15, 1911, and resulted in a judgment in favor of plaintiff, Johnson, which judgment set aside, annulled, and vacated the judgment theretofore rendered in cause No. 1514, and from which judgment the defendant, Lyon-Taylor Company, appealed to the Court of Civil Appeals at Galveston, and which court dismissed the case (147 S. W. 605), because the judgment of the lower court was not a final judgment, and on March 10, 1916, plaintiff filed his first supplemental petition, in which he pleaded the judgment dated January 15, 1911, in cause No. 2086, rendered in favor of John S. Johnson, and against Lyon-Taylor Company, which judgment purported to set aside, annul, and vacate the judgment rendered in cause No. 1514, as res adjudicata of the defenses set up in defendant's answer, and defendant then filed its first supplemental answer, in which it pleaded general demurrer, general denial, and specially that

the judgment rendered in favor of John S. Johnson against the Lyon-Taylor Company in cause No. 2086 was dismissed by the Court of Civil Appeals because the judgment appealed from was not a final judgment, and by reason thereof said judgment is of no force and effect, and is not res adjudicata of any of the issues involved in this suit.

The case then went to trial upon these pleadings, before the court, without a jury, and resulted in a judgment in favor of the plaintiff, and from which judgment the defendant, Lyon-Taylor Company, has appealed, and brought this case to this court for revision.

The appellee, Johnson, who was the plaintiff in this suit, and the defendant in cause No. 1514, which we will hereafter refer to as the original suit, knew at the time he set up his defense in the original suit that he had bought the jewelry by samples, and, if it be true that he bought by samples, that the contract signed by him was therefore an executory contract, and that he would have the right to see and inspect the goods and determine whether they were in accordance with the samples, before he could be required to take them under the contract; but in the original suit he did not plead this as a defense. He, however, did set up in his answer in the original suit that the goods were to be delivered to him at Beaumont, that said goods were never tendered or delivered to him, and that Lyon-Taylor Company were to pay the freight charges. These contentions in the original suit were decided against him, and indirectly also settled the question of his right to inspect the goods upon arrival before receiving them.

The proof as to the alleged fraud on the part of the Lyon-Taylor Company, in substance, is as follows:

The witness F. J. Trost testified that he was a photographer by trade, and was engaged in this business at Port Arthur, Tex., in the spring of 1905; that about that time a man representing himself to be an agent of the Lyon-Taylor Company called on him; that this agent had samples of jewelry; this witness described the man, the kind of case he was carrying, and the kind of samples; that, according to the appearance of the samples, they were good and durable pieces of jewelry; that from their weight and appearance he thought they were worth the amount the agent asked for them; that this agent suggested putting in a line of jewelry, but witness told the agent that he was not in the jewelry business; the agent thereupon told him that they had a line of goods which they were placing especially in photographic studios; that he ordered some of this jewelry, and signed a written contract therefor; that the goods were shipped to him, and he opened them up; that when he opened up the goods the jewelry did not compare in quality, appearance, or durability with the

samples; that they appeared to be cheaper, flimsier, and on the order used in junk shops; that he refused the goods and shipped them back; that Lyon-Taylor Company notified him that the goods were in the express office, and they would not receive them back; that Lyon-Taylor Company afterwards recovered judgment against him for the contract price of goods. He further testified that he signed an order or contract, and that he did not know whether the goods he received were according to the contract or not, but that they were not up to the standard of the samples.

William Snick testified that he was in business in Beaumont, Tex.; that in February or March, 1905, he had exhibited to him certain samples of jewelry; that the man who exhibited to him the jewelry was the same man, according to the description, that F. J. Trost had described, and that the samples were carried in a case similar to that described by witness Trost; that the samples of jewelry exhibited to him looked to be bright, durable, and substantial, and seemed to be very fine jewelry; that he gave an order for some of the jewelry; that he afterwards received a shipment from the Lyon-Taylor Company, but did not accept it, and sent it back; that Lyon-Taylor Company wrote him several letters, advising him to accept the goods, as it would not take them back; that he never did see what was in the package, did not open it at all; that he did not know whether its contents were like the samples or not; that he did not take it out of the express office and pay for it because he thought it was to be delivered to him at Beaumont, and he thought they were to pay the express on it; that there was a misunderstanding as to who would pay the express was the reason he did not take it out of the office.

A. C. Boseman testified that in February or March, 1905, he was clerking for appellee, Johnson, and was present when some samples of jewelry were exhibited. He described the man exhibiting the jewelry, and the case in which he carried his samples, about the same as witness Trost and witness Snick. He testified that the samples seemed to be all right. They seemed to be new and looked to be nice enough.

The appellee, John S. Johnson, testified that he was conducting a grocer store in Beaumont, Tex., in the spring of 1905; that on February 27, 1905, he had exhibited to him some samples of jewelry. The appellee described the man exhibiting the jewelry and the kind of case he was carrying about the same as the other witnesses. He testified that the jewelry looked to him to be good; that it looked like any other good gold jewelry; that it looked durable, fresh, and new, and that he gave an order for some of it, in accordance with the samples; that the appellant here brought suit against

him, and recovered judgment; that up to the time the case was tried and appealed, he did not have any reason to suspect that it was filling orders that were not according to samples; that the first time he learned or had suspicioned that it was not filling its contracts according to sample was from F. J. Trost, who testified in this case, and who lived at Port Arthur; that he did not learn this from Mr. Trost until after the trial of the case of Lyon-Taylor Company against him; that was the first time he learned that the goods were not according to samples; that he had never seen the jewelry shipped to him; he could not say whether the jewelry that was sent was according to samples or not; that he did not know whether it was in accordance with their contract or not; that he never made any investigation of the business methods of Lyon-Taylor Company before the trial of the case against him; that he never made any inquiry in regard to the appellant's business, but that he did know where its place of business was; that he never wrote any letters up there; that the first time he knew about the frauds was when he talked to F. J. Trost; that he did not talk to Snick until after he saw Trost; that he was pretty certain that he saw Trost before he saw Snick; that Snick testified in the former case, but that he had seen Trost before that time; that he was not sure that he talked to Trost before or after the trial of this case; that he hunted up Trost to see whether he had received the goods; he went to find out about the goods, to see if they were all right or not; that he still thought they were all right up to that time; that he would still have taken the goods if they had been all right; that when Chaplain, agent for Wells Fargo Express Company, testified in the first case, that he did not have a pretty good idea that the goods he bought were in Houston, that the witness Chaplain testified in said trial that he thought that they were in Houston, but that he never did inquire in Houston; that he did inquire in Beaumont, at both the Pacific Express Company and Wells Fargo Express Company; that he thought he made this inquiry about 30 days after the goods were supposed to reach Beaumont.

[1] We do not think that independent transactions between appellant, Lyon-Taylor Company, and other parties, not in any way connected with the transaction between the parties to this suit, was admissible in evidence in this case, even though it could be shown that the appellant, Lyon-Taylor Company, acted fraudulently in each transaction, and especially is this true since no proof whatever was offered to show that the goods shipped by appellant, Lyon-Taylor Company, to appellee, Johnson, were not as represented to be by the Lyon-Taylor Company and or-dered by Johnson. Haynes v. Mfg. Co., 36 Tex. Civ. App. 567, 82 S. W. 532.

[2] We do not agree with appellee that the judgment rendered in cause No. 2086 on January 15, 1911, in favor of John S. Johnson and against the Lyon-Taylor Company setting aside, annulling, and canceling the judgment in the original suit could be pleaded as res adjudicata of the defenses set up in defendant's answer. The Galveston Court of Civil Appeals held, that this judgment was not a final judgment, and, not being a final judgment, it certainly could not be pleaded as res adjudicata of the defenses set up by defendant.

We are of the opinion that the judgment rendered in this case is a final judgment.

We are therefore of the opinion that the trial court erred in rendering judgment for appellee, Johnson, and that this case should be reversed, and here rendered for appellant; and it is so ordered.