MOORE v. CLEM et al.   (No. 9937.)

Court of Civil Appeals of Texas. Dallas.
April 23, 1927.

Rehearing Denied May 28, 1927.

1. Evidence ⟨key⟩29—Court must take judicial notice of acts passed by Legislature.

Current acts of state Legislature constitute subject of which court must take judicial notice.

2. Appeal and error ⟨key⟩110—No appeal lies to Court of Civil Appeals, from order of district court granting new trial (Const. art. 5, § 6; Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. [1927] c. 52, § 1).

No appeal lies to Court of Civil Appeals from order of district court granting new trial, under Const. art. 5, § 6, and Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. (1927) c. 52, § 1, provision for appeal from orders granting new trials, added in 1925, being omitted by latest amendment, which follows Vernon's Sayles' Ann. Civ. St. 1914, art. 2078.

3. Appeal and error ⟨key⟩2—Court's jurisdiction of appeal from order granting new trial perfected, but unsubmitted, was withdrawn by amendment depriving court of jurisdiction on such appeals (Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. [1927] c. 52, § 1).

Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. (1927) c. 52, § 1, effective February 21, 1927, omitting provision for appeal to Court of Civil Appeals from order granting new trial, held to deprive court of jurisdiction as to appeal from such order perfected before amendment became effective, but remaining unsubmitted, as statute is jurisdictional, not merely procedural.

4. Appeal and error ⟨key⟩1—Right of appeal to Court of Civil Appeals from order granting new trial is within control of Legislature (Const. art. 5, § 6).

Right to take appeal to Court of Civil Appeals from order of district court granting new trial is not right guaranteed by Const. art. 5, § 6, providing for appellate jurisdiction, but rests within legislative will.

5. Appeal and error ⟨key⟩2—Amendment, depriving Court of Civil Appeals of jurisdiction on appeal from order granting new trial, does not affect judgments previously rendered (Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. [1927] c. 52, § 1).

Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. (1927) c. 52, § 1, effective February 21, 1927, depriving Court of Civil Appeals of jurisdiction on appeal from order granting new trial, does not disturb judgments of Court of Civil Appeals rendered before act became effective.

6. Appeal and error ⟨key⟩2—Construction of statute to oust court's jurisdiction of appeal, perfected but unsubmitted, does not give statute retroactive effect (Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. [1927] c. 52, § 1).

Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. (1927) c. 52, § 1, and effective February 21, 1927, depriving Court of Civil Appeals of jurisdiction on appeals from orders granting new trials, is not given retroactive effect by court's refusal to entertain jurisdiction of appeal perfected, but unsubmitted, before act became effective.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit between J. H. Moore and R. H. Clem and others. Judgment for J. H. Moore. From an order granting a new trial to R. H. Clem and others, said J. H. Moore appeals. Dismissed for want of jurisdiction.

Andrew J. Priest, Geo. E. Hughes, and Sarah T. Hughes, all of Dallas, for appellant.

Burgess, Owsley, Storey & Stewart, of Dallas, for appellees.

JONES, C. J. [1] This is an appeal from an order granting a new trial to appellees after a hearing of the case in a district court of Dallas county had resulted in a judgment favorable to appellant. While this appeal was pending, but prior to its submission in this court, the Legislature amended article 2249, R. C. S. 1925 (the article providing for appeals to this court from judgments of district and county courts), by striking from its terms the right to appeal from an order granting a new trial. As this court must

take judicial notice of this legislation, the question of its jurisdiction to pass upon this appeal is suggested.

[2] Section 6 of article 5 of our Constitution defines the jurisdiction of the Courts of Civil Appeals as follows:

"Said Courts of Civil Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases in which the district courts or county courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. * * * Said courts shall have such other jurisdiction, original or appellate, as may be prescribed by law."

Following the creation of the Courts of Civil Appeals in 1891, by the adoption of said section 6 of article 5 as an amendment to the Constitution, the Legislature in 1892 passed' an enabling act, in which the right of appeal to such courts was given as follows:

"An appeal or writ of error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs." Article 2078, Vernon's Sayles' Statutes 1914.

It will be noted that, in the exercise of its constitutional power to restrict and regulate the appellate jurisdiction of the Courts of Civil Appeals, the Legislature allowed appeals only from final judgments of district and county courts. From time to time the Legislature extended the right of appeal to include certain interlocutory orders entered in such courts.

In 1925 the Thirty-Ninth Legislature (Laws 1925, c. 18) amended this article by an addition to its provisions and thereby gave the right of appeal from an order of a district or county court granting a new trial. This amended statute became article 2249 of the Revised Civil Statutes of 1925, and is as follows:

"An appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs. An appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials in any of the above mentioned cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final."

The only conclusion to be drawn as to the purpose of the Legislature in the amendment to this said article of the statute is that it intended to extend the right of appeal to include an order of the court granting a motion for a new trial and thus allow appeals from such orders as well as from final judgments.

The amendment in question (Laws 1927, c. 52) was enacted by the Fortieth Legislature and became effective February 21, 1927. It reenacts article 2078 of Vernon's 'Sayles' Civil Statutes of 1914 and leaves the right of appeal from judgments of district and county courts as such right existed prior to the 1925 amendment, and thereby denies the right of appeal from an order granting a new trial. It is clear that the only purpose of the Legislature in the 1927 amendment was to take away the additional right of appeal given by the 1925 amendment. Since February 21, 1927, a litigant has had no right to appeal from an order of the district or county court granting a new trial. The appellate jurisdiction of this court only exists where the right of appeal from a judgment or order of the trial court rests in the litigant invoking such appellate jurisdiction. The jurisdiction of this court to entertain this appeal rested entirely upon the provision of the statute allowing the appeal and necessarily ended when this right was taken away.

[3-6] It is argued by appellant that, as the jurisdiction of this court had attached prior to the taking away of the right of appeal, the Legislature did not intend by said amendment to deprive this court of its jurisdiction to pass upon this case. To this contention, we cannot agree. If the Legislature had so intended it could have manifested that intention by a saving clause in reference to cases in which appeals from such an order had been perfected prior to the passage of the act. The right of appeal in the instant case is not one of constitutional guaranty, but rests entirely upon the legislative will. Its allowance gave no vested right to any litigant, but only prescribed for him a remedy, and this remedy was subject to the legislative will. When this remedy was taken away no vested right was disturbed. The Legislature in adopting said amendment invaded no power of this court that was not subject to legislative will. It did not disturb judgments of this court that had already been rendered, and a refusal to entertain jurisdiction of this appeal does not give to this law a retroactive effect.

The position of this court, in reference to its power to entertain this appeal, is so tersely and ably stated by Chief Justice Waite of the United States Supreme Court in the case of Baltimore & Potomac R. Co. v. Jas. H. Grant, 98 U. S. 398, 25 L. Ed. 231, that we shall quote at length from the reasoning of that court because it is just as applicable to

the instant case. Grant had secured a judgment in the Supreme Court of the District of Columbia against the railroad company for the sum of $2,250. Under the law in force at the time the jurisdiction of the United States Supreme Court attached to the case by virtue of a writ of error sued out, such court had jurisdiction to review a judgment from the Supreme Court of the District of Columbia of a cause of the value of $1,000 or upward, exclusive of costs. Some time after the case was in the United States Supreme Court, Congress amended the existing law, raising the minimum sum necessary to vest the Supreme Court of the United States with jurisdiction from $1,000 to $2,500, an amount in excess of Grant's judgment. The court dismissed the writ of error for want of jurisdiction, and we quote from the opinion as follows:

"The act of 1879 [20 Stat. 320] is undoubtedly prospective in its operation. It does not vacate or annul what has been done under the old law. It destroys no vested rights. It does not set aside any judgment already rendered by this court under the jurisdiction conferred by the Revised Statutes when in force. But a party to a suit has no vested right to an appeal or a writ of error from one court to another. Such a privilege once granted may be taken away, and, if taken away, pending proceedings in the appellate court stop just where the rescinding act finds them, unless special provision is made to the contrary. The Revised Statutes gave parties the right to remove their causes to this court by writ of error and appeal, and gave us the authority to re-examine, reverse, or affirm judgments or decrees thus brought up. The repeal of that law does not vacate or annul an appeal or a writ already taken or sued out, but it takes away our right to hear and determine the cause, if the matter in dispute is less than the present jurisdictional amount. The appeal or the writ remains in full force, but we dismiss the suit, because our jurisdiction is gone.

"It is claimed, however, that, taking the whole of the act of 1879 together, the intention of Congress not to interfere with our jurisdiction in pending cases is manifest. There is certainly nothing in the act which in express terms indicates any such intention. Usually where a limited repeal only is intended, it is so expressly declared. Thus, in the act of 1875 (18 Stat. 316), raising the jurisdictional amount in cases brought here for review from the circuit courts, it was expressly provided that it should apply only to judgments thereafter rendered; and in the act of 1874 (18 Stat. 27), regulating appeals to this court from the Supreme Courts of the territories, the phrase is, 'That this act shall not apply to cases now pending in the Supreme Court of the United States where the record has already been filed.' Indeed, so common is it, when a limited repeal only is intended, to insert some clause to that express effect in the repealing act, that, if nothing of the kind is found, the presumption is always strong against continuing the old law in force for any purpose. We think it will not be claimed that an appeal may now be taken or a writ of error sued out upon a decree or a judgment rendered before the act of 1879 took effect, if the matter in dispute is not more than $2,500; but it seems to us there is just as much authority for bringing up new cases under the old law as for hearing old ones. There is nothing in the statute which indicates any intention to make a difference between suits begun and those not begun. If, as is contended, the object of Congress was to raise our jurisdictional amount because of the increase of the judicial force in the District, we see no good reason why those who had commenced their proceedings for review of old judgments should be entitled to more consideration than those who had not. No declaration of any such object on the part of Congress is found in the law; and when, if it had been the intention to confine the operation of what was done to judgments thereafter rendered or to cases not pending, it would have been so easy to have said so, we must presume that Congress meant the language employed should have its usual and ordinary signification, and that the old law should be unconditionally repealed."

We are of the opinion that this court now has no jurisdiction to entertain this appeal, and it is therefore dismissed.

Dismissed for want of jurisdiction.

### On Motion for Rehearing.

It is earnestly insisted in the motion for rehearing that article 2249, supra, is a procedural, rather than a jurisdictional, statute, and that therein lies a distinction between the instant case and the case of Baltimore & Potomac R. Co. v. Grant, supra, as the statute under review in the Grant Case was clearly jurisdictional. To this contention we cannot agree. The statutes allowing appeal to the Courts of Civil Appeals, from certain enumerated judgments and orders of district courts, define and limit the scope of the appellate jurisdiction of such courts. The recent amendment to article 2249, by denying the theretofore existing right to appeal from an order granting a motion for a new trial by a county or district court, removed the right to review such order from the scope of appellate jurisdiction, just as in the Grant Case the amendment by Congress regulating appeals from the Supreme Court of the District of Columbia to the Supreme Court of the United States, by increasing the minimum amount from which an appeal could be taken, to a sum in excess of the amount involved in Grant's Case, removed the right to review his case from the scope of the jurisdiction of the Supreme Court of the United States.

In the Grant Case the appellant had a duly perfected appeal under the law as it existed at the time the appeal was taken, but the right of a judgment on the appeal was denied him, because Congress had taken away the jurisdiction of the court to review such a case. So in the instant case, Moore has an appeal duly perfected under the law

as it existed at the time such appeal was taken, but the right to judgment on the appeal is denied him, because of the act of the Legislature in taking away the jurisdiction of this court to review such a case.

The motion for rehearing is overruled.