**COMMERCIAL CREDIT CO. et al. v. CHANDLER. (No. 7808.)**

Court of Civil Appeals of Texas. San Antonio. June 22, 1927.

**Appeal and error ⟺2—Repeal of statute allowing appeals from orders granting new trials held to cut off right of appeal on appeals previously perfected (Laws 1927, c. 52, repealing Rev. St. 1925, art. 2249).**

Repeal by Laws 1927, c. 52, of Rev. St. 1925, art. 2249, permitting appeals from orders of district and county courts granting motions for new trial, where repealing statute was accompanied by emergency clause, *held* to destroy right of appeal from orders of district and county courts granting motions for new trial, though appeal had been perfected prior to repeal of statute.

Appeal from District Court, Nueces County; Nat Benton, Judge.

Suit by the Commercial Credit Company against A. E. Chandler, by whom the Holland-Langham Motor Company was made a party defendant. From an order granting defendant Chandler's motion for a new trial, plaintiff and the other defendant appeal. Appeal dismissed.

Kleberg & North and McCampbell & Holt, all of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J. The Commercial Credit Company instituted this suit against appellee for a debt of $714, evidenced by a promissory note payable in 12 monthly installments of $59.50 each, and secured by a chattel mortgage on a certain automobile. A writ of sequestration was obtained. The note was executed by appellee to Holland-Langham Motor Company, and by it transferred to the credit company. The motor company was made a party by appellee. A trial by jury resulted in a verdict and judgment in favor of the Commercial Credit Company against appellee, and that the latter recover nothing as against Holland-Langham Motor Company, and the chattel mortgage lien was foreclosed against the automobile described therein. A motion for new trial filed by appellee was granted, and this appeal has been attempted to be perfected from the order granting the new trial.

The appeal was sought under a statute passed in 1925, now article 2249, Rev. Stats. 1925, which permitted appeals from every order of a district or county court granting motions for a new trial. That statute was an anomaly in Texas practice and has been productive of nothing but trouble and confusion in our system. The fortieth Legislature realized that the law so extending appeals was not productive of any good, but

merely prolonged litigation and increased the burdens of litigants and the courts, and on February 21, 1927 (Laws 1927, c. 52), the law of 1925, granting the right to appeal from orders granting new trials, was repealed. The original judgment herein was rendered on February 9, 1927, and the motion for new trial was granted on February 12, 1927, and notice of appeal given by appellants. The Holland-Langham Motor Company filed its appeal bond on February 19, 1927, three days before the law upon which the appeal was based was repealed. The Commercial Credit Company filed its appeal bond on February 23, two days after the law had been repealed. Appellee seeks to dismiss the appeal in this case, because of the repeal on February 21, of the law granting appeals from orders granting new trials.

Judge Cooley states as a rule:

"A statutory right to have cases reviewed on appeal may be taken away, by a repeal of the statute, even as to causes which had been previously appealed." Cooley, Cons. Lim. p. 548.

The text is supported by Norris v. Crocker, 13 How. (54 U. S.) 429, 14 L. Ed. 210; Insurance Co. v. Ritchie, 5 Wall. (72 U. S.) 541, 18 L. Ed. 540; Ex parte McCardle, 7 Wall. (74 U. S.) 506, 19 L. Ed. 264. In the last case cited the act granting an appeal in certain cases was repealed while the appeal was pending in the Supreme Court of the United States, and the two cases first named were cited, and the court held:

"In both of these cases it was held that no judgment could be rendered in a suit after the repeal of the act under which it was brought and prosecuted."

Again the court said:

"What, then, is the effect of the repealing act upon the case before us? We cannot doubt as to this. Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle. * * * It is quite clear, therefore, that this court cannot proceed to pronounce judgment in this case, for it has no longer jurisdiction of the appeal; and judicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which the Constitution and the laws confer."

In the case of Railway v. Grant, 98 U. S. 398, 25 L. Ed. 231, the court said, in speaking of a repeal:

"The act of 1879 [20 Stat. 320] is undoubtedly prospective in its operation. It does not vacate or annul what has been done under the old law. It destroys no vested rights. It does not set aside any judgment already rendered by this court under the jurisdiction conferred by the

revised statutes when in force. But a party to a suit has no vested right to an appeal or a writ of error from one court to another. Such a privilege once granted may be taken away and if taken away pending proceedings in the appellate court stop just where the rescinding act finds them unless special provision is made to the contrary."

As said by this Supreme Court of Texas, in Pierce v. Watkins, 114 Tex. 153, 263 S. W. 905:

"It is the settled law that a litigant has no vested right in a remedy, and that remedial statutes are valid and control the litigation from the date they become a law, and all proceedings taken thereafter must be under the new law."

See, also, Collins v. Warren, 63 Tex. 314.

The emergency clause of the repealing statute says:

"The fact that in the codification of 1925, the provision providing for writs of error was inadvertently omitted and the further fact that numerous appeals have been taken to the Court of Civil Appeals from orders of district and county courts in civil cases, granting motions for new trials for the sole purpose of securing delay to litigants and that in almost every case the order of the lower court has been affirmed for the reason that the granting of new trials is largely discretionary with the trial court and not subject to reversal except for abuse of discretion, and the further fact that such appeals have greatly incumbered the dockets of the various Courts of Civil Appeals and increased the burden of such courts in numerous cases where there is no merit in the appeal, creates an emergency. * * *" Section 2.

It was the evident intention of the Legislature to blot every vestige of the former law from the statute books at once. When it went into effect it destroyed every appeal from orders of district and county courts granting motions for new trial.

This court having no jurisdiction of the appeal, it is dismissed.