## MRS. V. O. LYNN ET AL. v. MRS. L. M. HANNA.

No. 4610.   Decided June 22, 1927.

(296 S. W., 280).

**1.—Bill of Review—Failure to Appeal.**

One who, having entered appearance in a case, fails to avail himself of his remedy by appeal from an adverse decision therein has no equity entitling him to set aside that decision by bill of review.   (P. 655).

**2.—New Trial—Appeal from Interlocutory Order.**

No appeal lies from an interlocutory order granting a new trial on motion (not on bill of review) the judgment in such case not being a final one.   (P. 655).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Mrs. Lynn, joined by her husband, obtained writ of error upon

a judgment dismissing their appeal from an order granting defendant a new trial in their action against Mrs. Hanna and Carter.

*Hunter, Garrett & Greathouse,* for plaintiffs in error.

No motion for a new trial in the law suit could be entertained by the District Court 77 days after the final judgment for plaintiff, Mrs. Lynn, was rendered but defendant could be heard by the Court only on a bill of review. Art. 1696a, Subd. 16, Session Acts 1923, p. 221.

A bill of review as known to Courts of Equity is an independent suit in Equity setting forth all of the complainants defenses to the former action, and good reasons why defendant did not or could not aver and prove such defenses on the trial at law; and also that defendant was not guilty of any negligence in failing to aver and prove his defenses on said trial.

The trial of a Bill of Review is a retrial of the original suit complete in every respect; not the granting of the right to have a new trial in the future, but you retry the original case on the spot. For "Equity does not do justice by halves" is one of the most beloved maxims of Equity. But it opens the law suit and says to complainant: "Now prove to us why this judgment against you is unjust or wrong in any particular and we will render the correct and just judgment instead of the one you complain of."

*William Morton* and *W. F. Robertson* for defendant in error, Hanna.

This Honorable Court is without jurisdiction in this case because, as will be seen from the Record herein, the judgment of the District Court vacating and setting aside it's judgments of October 15th and December 8th, A. D. 1923, respectively, is interlocutory only, and not a final judgment. Gross v. McClaren, 8 Texas, 341; Farrias v. Delgado, 210 S. W., 610; McVey v. McVey, 230 S. W., 781; Ware v. Jones, 250 S. W., 663.

*Henry Yeager* and *P. D. Crawford,* for Earl Carter.

MR. JUSTICE PIERSON delivered the opinion of the court.

This case was referred to Section "A" of the Commission of Appeals, and an opinion was prepared by Judge Harvey. The

case was withdrawn from the Commission and taken under submission by the Court.

We are in accord with much of Judge Harvey's opinion, and will make use of his statement of the case and of such parts of his opinion as express our views of the law. In fact, the necessary disposition of the case becomes apparent, we think, when the facts are clearly stated.

"On October 15, 1923, an interlocutory judgment by default was rendered in this suit by the District Court for the 95th Judicial District of Texas, in favor of Mrs V. O. Lynn and husband, the plaintiffs, against Mrs. L. M. Hanna and Dr. Earl Carter, the defendants, but the court deferred the matter of assessing the plaintiff's damages to a later date. The defendant, Mrs. L. M. Hanna, never was served with the citation in the suit, though the officer's return on the writ showed personal service of the citation on her. On October 17, 1923, (the second day after the entry of the default judgment) Mrs. Hanna filed a motion for new trial seeking to set aside the above mentioned default judgment for reasons stated in the motion. This motion was by the court overruled on December 1, 1923. On December 8, 1923, the court heard proof of the plaintiffs' damages, which consisted of the promissory note sued on, and assessed the amount of damages and rendered final judgment therefor against both defendants. This judgment was entered in the court minutes on December 18, 1923. After this last mentioned judgment was rendered, no motion for new trial was filed by either defendant until February 23, 1924; on which date the defendant Mrs. L. M. Hanna filed a motion in such suit, in the form of an ordinary motion for new trial, praying that said last mentioned judgment be set aside and vacated and that a new trial be granted. As grounds for new trial she alleges the want of citation upon her in said suit, and also alleges a meritorious defense to the suit. Said motion, as further ground for new trial, alleges that the court, for reasons that are stated, erred in overruling the motion for new trial that was filed by Mrs. Hanna on October 17, 1923, as above stated.

"The trial court is one of the class of district courts whose rules of practice and procedure are regulated by the Act of 1923, which constitutes Articles 2092 and 2093 of the Revised Civil Statutes of 1925. Section 30 of said Article 2092 reads as follows:

" 'Judgment final, when.—Judgments of such civil district courts shall become as final after the expiration of 30 days after the date of judgment or after a motion for a new trial is over-

ruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts.'

"At the time the motion in question was filed, the time for the filing of an ordinary motion for new trial in the case had expired under the terms of said section of Article 2092.

"The said motion filed by Mrs. Hanna on February 23, 1924, was heard by the court on March 3, 1924, on which date the court entered an order or judgment granting said motion, and setting aside the judgments of October 15, 1923, and December 8, 1923. The plaintiffs and defendant Mrs. Hanna appeared at such hearing. No evidence was introduced at such hearing, except testimony of a deputy sheriff to the fact that in serving the citation in said suit he did not personally deliver a copy thereof to Mrs. Hanna, but left the copy at the home of Mrs. Hanna with her mother, to be delivered to Mrs. Hanna upon her return home.

"From said order or judgment of March 3, 1924, the plaintiffs, Mrs. V. O. Lynn and her husband, appealed to the Court of Civil Appeals, which court dismissed the appeal on the ground that the judgment from which the appeal was prosecuted was an interlocutory judgment from which no appeal lies. (273 S. W., 339)."

That the action was not a bill of review, we think clear for the reasons stated by Judge Harvey, as follows:

"We are of the opinion that it cannot be so treated, for the reason, if for no other, that the motion affirmatively shows that Mrs. Hanna is not entitled to equitable relief in the premises. The allegations of the motion show that Mrs. Hanna entered her appearance in the suit, during the term, by filing a motion on October 17, 1923, to set aside the interlocutory judgment of October 15, 1923, which motion was overruled by the court. Being in court at the time the final judgment of December 8, 1923, was rendered, an appeal from the judgment was available to her. Having neglected to avail herself of this legal remedy, she is not entitled to resort to a court of equity for relief against the judgment. Railway v. Ware, 74 Texas, 49; Hamblen v. Knight, 81 Texas, 351."

The order entered by the District Court, granting a new trial, from which plaintiffs in error appealed, is an interlocutory order. It is not a final judgment, and therefore no appeal will lie. The

Court of Civil Appeals and this Court are without power to review it. Therefore, no other questions raised by the parties can be considered.

The judgment of the Court of Civil Appeals, dismissing the appeal, is affirmed.