### NORDYKE et ux. v. WRIGHT. (No. 2075.)

Court of Civil Appeals of Texas. El Paso. Oct. 20, 1927.

Appeal and error ⬚110—Court of Civil Appeals does not have jurisdiction of appeal from order granting new trial (Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. [1927] c. 52).

Under Rev. St. 1925, art. 2249, as amended by Acts 40th Leg. (1927) c. 52, Court of Civil Appeals has no jurisdiction of an appeal from an order granting a new trial.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Proceeding between Charles Nordyke and wife and G. G. Wright, receiver. From an order setting aside the judgment and granting a new trial, the Nordykes appeal. Appeal dismissed.

Church, Read & Bane, of Dallas, and Pearce & Triplett and L. A. Howard, all of Lubbock, for appellants.

John W. Pope and J. Lee Zumwalt, both of Dallas, for appellee.

WALTHALL, J. On the 21st day of October, 1926, this case was tried and judgment rendered. Thereafter, on the 4th day of December, 1926, the trial court, on motion, set aside the judgment rendered and granted a new trial. This appeal is prosecuted from the order of the trial court setting aside the judgment and granting a new trial.

There is now no law in force authorizing an appeal from an order granting a new trial, and for that reason this court is without jurisdiction. Want of jurisdiction in the appellate court has been passed upon and so decided in a number of cases since the amendment of article 2249, R. C. S. 1925, by Acts 40th Leg. c. 52. Texas Farm B. C. Ass'n v. Lennox et al. (Tex. Civ. App.) 296 S. W. 325; J. B. Parker v. Shields et ux. (Tex. Civ. App.) 296 S. W. 329; Moore v. Clem et al. (Tex. Civ. App.) 295 S. W. 941; M. K. & T. R. R. Co. v. Johnson (Tex. Civ. App.) 295 S. W. 944; Commercial, etc., v. Chandler (Tex. Civ. App.) 297 S. W. 333.

The appeal is dismissed, for want of jurisdiction.