## WISE et al. v. LEWIS et al. (No. 10232.)

Court of Civil Appeals of Texas. Dallas. Nov. 10, 1928.

Rehearing Denied Dec. 8, 1928.

White & Yarborough, of Dallas, for appellants.

Helen M. Viglini, of Dallas, for appellees.

LOONEY, J. This is an equitable proceeding instituted for the purpose of vacating a judgment by default rendered in favor of Jim Wise, one of the appellants, against Belle Lewis, appellee. The appeal is from an order of the court, setting the default judgment aside.

As the case will be dismissed for want of jurisdiction, no final judgment having been rendered below, a mass of proceedings brought up in the record, that otherwise would have been reviewed, will be pretermitted.

■ The judgment appealed from simply vacated, set aside, and declared null and void the default judgment and ordered that the case be redocketed in the court below for trial in its regular order. This judgment is interlocutory and not appealable. In her bill of review, plaintiff not only alleged reasons relied upon for reopening the judgment by default, but pleaded the case, so that the court could have determined the issues presented in the original action, and this should have been done. Two trials, one to vacate the judgment by default and another on the merits of the original action, are not permitted, but every issue raised on both phases of the case must be disposed of on one trial, and the judgment rendered will be an effective substitute for the judgment vacated. Cases in point: Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679; Wichita, etc., Co. v. Kirkpatrick (Tex. Civ. App.) 268 S. W. 278; Lynn v. Hanna (Tex. Civ. App.) 273 S. W. 339; Barton v. Montex Corp. (Tex. Civ. App.) 295 S. W. 950; Lynn v. Hanna, 116 Tex. 652, 296 S. W. 280.

■ The status of this case is that it stands for trial on its merits in the court below. If error was committed in the proceedings that culminated in the order annulling the default judgment, as contended by appellants, the same can only be reviewed by this court, by proper assignments of error, on appeal after final trial of the case on its merits. The appeal is dismissed for want of jurisdiction.

Dismissed.