CORBETT et al. v. RANKIN INDEPEND-
ENT SCHOOL DIST.

No. 3441.

Court of Civil Appeals of Texas.  El Paso.
Nov. 12, 1936.

Rehearing Denied Dec. 30, 1936.

J. S. Bracewell, of Houston, for plaintiffs in error.

Worth B. Durham, of San Angelo, and B. F. Howell, of Rankin (Kerr & Gayer, of San Angelo, on the brief), for defendant in error.

WALTHALL, Justice.

On the 5th day of January, 1932, Rankin Independent School District, as plaintiff, instituted this suit in the district court of Upton county against Ella M. Corbett and husband, W. C. Corbett, as defendants, to recover delinquent taxes on lands described in the petition and the schedule attached thereto, and alleged to be situated in Upton county and in said school district, and upon which taxes were alleged to be due and unpaid. On February 2, 1932, a judgment was rendered reciting that defendant, though duly served with process, failed to appear or answer, but made default, and judgment was entered of record in said cause in favor of plaintiff school district and against defendants in the sum of $625.24 for taxes, interest, and penalties and costs for the years 1928, 1929, and 1930, and a foreclosure of the tax lien on said lands.

On May 4, 1932, plaintiff school district filed in said cause "a motion to set aside

judgment and bill of review," in which plaintiff repleads the cause of action substantially as in its original petition and further alleges that it was discovered after judgment was rendered and after the court had adjourned for the term, and before the said land was sold under execution in satisfaction of said judgment, that as to parts of the land delinquent for taxes, namely, surveys Nos. 3 and 19, and otherwise fully describing said two surveys foreclosed upon in said judgment, that by mistake, the judgment rendered in said cause sets out all of said sections 3 and 19 as being located in the territorial limits of plaintiff school district and within Upton county, when in fact only a part of said two surveys 3 and 19 are situated in said school district and in Upton county; plaintiffs pleading then sets out by metes and bounds the description of said two sections as should have been given in the petition and judgment.

Plaintiff, after fully repleading its cause of action as originally pleaded, alleges that if the judgment as rendered is allowed to stand and not reopened and the description of. the land not corrected plaintiff would suffer irreparable loss in that by reason of the error in the description of the two surveys 3 and 19 would prevent plaintiff from collecting the taxes, penalties, and interest justly due on the other six sections involved in the suit as well·as on surveys 3 and 19.

Plaintiff prays that the judgment as theretofore rendered be set aside, the cause of action be reopened, and the cause be tried upon its merits; that defendant be cited; and that plaintiff have judgment for the several sums of money as theretofore stated and the foreclosure of the tax liens.

Defendants Ella M. Corbett and husband, W. C. Corbett, answered this petition by general demurrer and general denial, and by special answer alleged that plaintiff school district for each of the years set forth in its original suit pursued an arbitrary, discriminatory, and illegal system and plan of taxation, stating the system to be a gross inequality in the assessment of taxes, and prayed that plaintiff take nothing by its suit, and that defendants have judgment removing cloud from their title.

The court heard and considered plaintiff's motion to correct the alleged error and mistake in the boundaries of the lands described in the former judgment as recorded in the minutes, and stated in the judgment, that the entry of the judgment did not speak the true judgment rendered by the court, and that upon plaintiff's motion and the motion of the court, and that all parties having in open court stated that the former judgment did not correctly describe the property, the court found that· all the allegations in said motion as to clerical errors and mistake are true, and sustained said motion as to said errors and mistake in said entry; the court refused to reopen the case upon its merits, and entered a judgment as theretofore rendered, and said in the judgment rendered that same should be entered nunc pro tunc, and in the judgment then rendered on February 2, 1935, gave plaintiff school district judgment against defendants the sum of $625.24, for taxes, penalties, and costs, for taxes due for the years 1928, 1929, and ·1930, and for the tax lien upon the lands described, as it existed on February 1, 1932, the judgment to bear interest from the 2d day of February, 1932; ordered a foreclosure of the tax lien and a deficiency judgment against defendants.

Defendants excepted and prosecute this appeal by writ of error.

### Opinion.

Plaintiffs in error submit that the trial court was not authorized, under the pleadings of defendant in error, upon its own motion, or that of defendant in error, to grant a nunc pro tunc order correcting the clerical errors in the original or previous judgment or to grant any other relief not set forth and prayed for. Their contention is that defendant in error's cause of action is predicated upon an erroneous judgment and not a clerical error in the entry of the judgment rendered.

In its motion to set aside the former judgment and bill of review, defendant in error alleged:

"That by mistake the judgment rendered in said cause sets out all of the sections Nos. 3 and 19 as being located in the territorial limits of Rankin Independent School District and within Upton County, Texas"; again alleges: "That the mistake in the description of the two sections was made in the body of the petition and in the judgment as written."

The prayer on the motion is that the former judgment be set aside, the cause reopened, and defendants be allowed a hearing and a trial on the merits.

By reference to the original judgment as found in the transcript, the original judg-

ment, after describing all of the eight sections of land "situated in Upton county," the judgment then recites: "All of which is situated in Upton county, Texas."

In the judgment rendered on the motion, the following occurs: "All parties having, in open court, stated that the prior judgment did incorrectly describe the property, the court finds that all the allegations in said motion as to clerical errors and mistake true, and is of the opinion and finds that the entry of judgment as of February 2, 1932, above mentioned did not speak the true judgment of this court." The judgment then recites that the corrected judgment should be entered nunc pro tunc, and it was entered as to the amount of taxes found to be due and the foreclosure of the tax lien as they existed the 1st day of February, 1932.

No statement of facts is found in the record. The statements we make are from the petition and the facts found and stated in the judgment.

The record shows that the judgment sought to be corrected was rendered at a previous term of the court to that at which the correction was sought.

The judgment entered at the former term of the court conformed to the allegations of the petition in stating the location of the two surveys involved as being in Upton county.

Defendant in error's complaint in its motion and bill of review upon which it went to trial is against the former judgment as rendered and not against an improper or erroneous entry of the judgment rendered, and its prayer is that the judgment be set aside, the cause reopened, and a trial be had on the merits.

Article 2211 (as amended by Acts 1931, c. 77, § 1 [Vernon's Ann.Civ.St. art. 2211]) provides that the judgment of the court shall conform to the pleadings. As said by our Supreme Court in Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, the solution of the question lies primarily in the substantial distinction which exists between the rendition and the entry of a judgment, and between the exercise of powers inherent in a court and those which depend for their operation upon the petition of parties.

■ The judgment of a court is what the court pronounces. Its rendition is the judgment act by which the court settles and declares the decision of the law upon the matter at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded.

■ The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court, notwithstanding its imperfect record. Freeman on Judgments § 38.

■ A mistake in the record of a judgment as entered is not so rockribbed that it may not be corrected. Articles 2228 and 2229 of our Civil Statutes provide for the correction of mistakes and misrecitals in the record of any judgments after notice. If a suit for equitable relief is brought at a term of the court subsequent to the term at which the judgment sought to be set aside was rendered, it is not contemplated that the cause shall be divided and tried in parts, one part setting aside the judgment and one on the merits, Farmers' State Bank v. Jameson (Tex.Com.App) 11 S.W. (2d) 299, but the issue arising on the merits must be disposed of on the hearing for relief, Humphrey v. Harrell (Tex.Com.App.) 29 S.W.(2d) 963. If the order or judgment in the relief suit does not determine the rights of the parties, or make final disposition of the issues involved, the order or judgment is not final but merely interlocutory, and not res adjudicata as to the merits. Taylor, Knapp & Co. v. Fore, 42 Tex. 256; Dallas Coffee & Tea Co. v. Williams (Tex.Civ.App.) 45 S.W.(2d) 724; Wise v. Lewis (Tex.Civ.App.) 11 S.W.(2d) 329, affirmed (Tex.Com.App.) 23 S.W.(2d) 299; Lyon-Taylor Co. v. Johnson (Tex.Civ. App.) 195 S.W. 875.

■ We also think that under the pleadings of defendant in error an order or judgment nunc pro tunc may not be entered. Under such proceeding, as we view it, the inquiry is not what judgment might or ought to have been rendered, but what judgment was rendered, and such is the sole issue presented and to be determined under the petition.

The judgment entered seems to us to be apart from the petition which asserts a mistake in the judgment entered, while the court finds that the judgment entry did not speak the true judgment of the court, and directs that a judgment speaking the true judgment of the court as theretofore rendered be entered nunc pro tunc in the

minutes. In Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041, supra, it is said:

"If an amended or corrected entry be ordered, the status of the parties and their relative rights, as decreed and fixed by the judgment, remains untouched and unaltered, in no sense adjudicated anew, but only judicially evidenced as originally determined. The result is that only that is done by the court which it had the inherent power to originally do as a part of its decision of the case, and which it would have done in the interest of a truthful record."

The difference between a mistake in the judgment entry in the matter of the description of some of the surveys, as found by the court, and the mistake in the judgment rendered as pleaded seems to be in the record.

Appellants suggest other errors which we have not discussed. They may not arise on another trial.

We have concluded that the case must be reversed and remanded and it is so ordered.