### HENWOOD v. KOLB.

#### No. 2185.

Court of Civil Appeals of Texas. Eastland.

Dec. 19, 1941.

Rehearing Denied Jan. 16, 1942.

948

Wolfe & Freels, of Sherman, and Ramey, Calhoun, Marsh & Sheehy, of Tyler, for appellant.

Webb & Webb, of Sherman, and Gullett & Gullett, of Denison, for appellee.

GRISSOM, Justice.

Kolb sued Henwood, trustee, for damages caused by a collision of an automobile, in which Kolb was riding, with defendant's train. Judgment was rendered for defendant at the March, 1940, term of the District Court of Grayson County, which term expired by operation of law on May 18, unless legally extended. Article 199, § 15. On April 20, a verdict was returned in favor of defendant. On May 17, pursuant to defendant's motion therefor, judgment was entered for defendant. On April 22, Kolb filed a formal motion for a new trial. The grounds alleged for a new trial were "The verdict is contrary to the law" and "The verdict is against the evidence." On May 16, the court granted Kolb permission to file an amended motion for new trial. May 17, the court entered an order extending the term of court to August 3. The order recited that time for adjournment of the term having arrived and the trial of said case being incomplete, the judge trying the case found it necessary, and deemed it expedient, to extend the term for the purpose of completing the trial of this case. On August 2, the court entered a similar order extending the term to September 28. September 17 Kolb filed his first amended motion for a new trial. September 28, defendant filed a motion to dismiss Kolb's motions for a new trial for want of jurisdiction of the court to consider them. September 28, the court overruled said motion and granted Kolb's motion for new trial. Defendant excepted to both actions of the court and gave notice of appeal in each instance.

The defendant's appeal bond shows an attempt to appeal from the order of the court overruling defendant's motion to dismiss Kolb's motions for a new trial. Defendant's brief contains several propositions, but, in effect, they present the contention that plaintiff's original motion for new trial was so insufficient that it could not, as a matter of law, be considered by the court, and, therefore, when the orders extending the term were entered there was nothing relative to this case pending before the court for its consideration; that the court was not in the "midst of the trial of a cause" when time for expiration of the term arrived and when the extension orders were entered, and, therefore, the orders extending the term were void. Defendant concludes the judgment for defendant became final on May 18, and the term then expired by operation of law and the order granting the motion for new trial was void because not made or entered at the term at which the case was tried.

Attention is directed to the following authorities: Dittman v. Model Baking Co., Tex.Com.App., 271 S.W. 75, 76; Southern Surety Co. v. First State Bank, Tex.Civ. App., 54 S.W.2d 888, 892, writ refused; Stephenson v. Nichols, Tex.Com.App., 286 S.W. 197, 200; Gulf, C. & S. F. R. Co. v. Muse, 109 Tex. 352, 360, 207 S.W. 897, 4 A. L.R. 613; Stafford Mfg. Co. v. Wichita School Supply Co., 118 Tex. 650, 654, 23 S. W.2d 695; Tolbert v. McSwain, Tex.Civ. App., 137 S.W.2d 1051.

■■ Generally an appeal may be taken only from a final judgment. None of the statutory exceptions permitting appeals from interlocutory orders are applicable here. Neither the order overruling defendant's motion to dismiss Kolb's motions for a new trial, nor the order granting a new trial are final judgments determining the issues between the parties. They are merely interlocutory orders from which there can be no appeal. The alleged errors can only be presented upon an appeal from a final judgment on the merits. Art. 2249, Vernon's Ann.Civ.St.; 3 Tex.Jur. 124, 125; Gross v. McClaran, 8 Tex. 341; Fowler v. Morrill, 8 Tex. 153, 157; Wampler v. Walker, 28 Tex. 598, 599; Dial v. Collins, 40 Tex. 367, 368; Nordyke v. Wright, Tex.Civ. App., 298 S.W. 910; Plummer v. Van Arsdel, 117 Tex. 200, 299 S.W. 869; Clay Lumber Co. v. Patterson, Tex.Civ.App., 28 S.W.2d 825; Lynn v. Hanna, 116 Tex. 652, 296 S.W. 280, 281; Id., Tex.Civ.App., 273 S.W. 339.

This court does not have jurisdiction of the appeal, and, therefore, cannot pass upon the interesting questions presented. The appeal is dismissed.