Clara L. WASHINGTON, Appellant,

v.

**GOLDEN STATE MUTUAL LIFE INSUR-
ANCE COMPANY, Appellee.**

No. 185.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 11, 1968.

Rehearing Denied Jan. 8, 1969.

Robert W. Hainsworth, Houston, for appellant.

Perry Barber, Jr., Baker, Botts, Shepherd & Coates, Houston, for appellee.

BARRON, Justice.

Appellant, Clara L. Washington, filed in the District Court of Harris County a petition for bill of review of a summary judgment rendered on February 24, 1966 by the trial court in a suit on a life insurance policy. Suit for bill of review was filed on

January 29, 1968, and on April 30, 1968, appellee, Golden State Mutual Life Insurance Company, filed motion for summary judgment. The trial court granted appellee's motion for summary judgment on June 3, 1968 and denied Mrs. Washington, appellant, any and all relief. The appeal is from the trial court's summary judgment in the suit seeking bill of review.

This case involves a prior suit filed by Clara L. Washington against Golden State Mutual Life Insurance Company on August 19, 1964. See Washington v. Golden State Mutual Life Ins. Co., 405 S.W.2d 856, (Tex.Civ.App.), err. ref. per curiam, 408 S.W.2d 227 (Tex.Sup.1966), cert. denied, 386 U.S. 1007, 87 S.Ct. 1349, 18 L.Ed.2d 434, rehearing denied, 387 U.S. 938, 87 S.Ct. 2049, 18 L.Ed.2d 1006 (1967). In the prior case the same defendant moved for summary judgment, and on January 31, 1966, the trial judge considered affidavits and argument of counsel on the merits and announced that it would grant the motion. Up to this time appellant had not raised any objection to the judge's proceeding with the hearing. However, later the same day appellant filed a motion in which she claimed that the judge should not have proceeded with the hearing on appellee's motion for summary judgment because she had not had ten days notice of hearing provided for by the Texas Rules of Civil Procedure, and that summary judgment was improper as a matter of substantive law. On February 24, 1966, judgment that appellant take nothing by reason of her suit against appellee was signed and entered, and appellant attempted to perfect an appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas.

Appellee moved the Court of Civil Appeals to dismiss the appeal for want of jurisdiction because of the alleged late filing of appellant's appeal bond. On July 7, 1966, the First Court of Civil Appeals filed a written opinion holding that it had acquired no jurisdiction because of the late filing of appellant's appeal bond and ordering the appeal dismissed for want of juris-

diction. Washington v. Golden State Mutual Life Ins. Co., 405 S.W.2d 856. (Tex.Civ. App.). Mrs. Washington, the appellant, then applied to the Supreme Court of Texas for a writ of error, and on November 9, 1966 that Court filed a written opinion approving the opinion and the holding of the Court of Civil Appeals and refusing the application for writ of error. Washington v. Golden State Mutual Life Ins. Co., 408 S.W.2d 227 (Tex.Sup.Ct.). Appellant unsuccessfully sought review by the United States Supreme Court.

In the present suit which seeks bill of review appellant set out the original petition filed August 19, 1964 and, in effect, reargued the merits of the prior appeal and set out the history of the prior case. Appellee, as above stated, moved for summary judgment, asserting that appellant's failure to perfect an appeal from the judgment of February 24, 1966 defeated her right to a bill of review.

Appellant here contends that the trial court erred in rendering summary judgment because there was on file affidavits to show genuine issues of fact; in not hearing the entire controversy in one proceeding and determining it on its merits; in denying request of appellant for commission to take depositions; and that the trial court erred in the prior suit because appellant was allowed only nine days notice of appellee's motion for summary judgment, which rendered such prior judgment void and invalid by reason of Rule 166–A, Texas Rules of Civil Procedure, and the due process and equal protection clauses of the Texas and United States Constitutions. Further contention is made that the trial court erred in failing to allow bills of exception, though a summary judgment was involved.

The affidavits on file and the interrogatories denied by the trial court were directed generally at matters which occurred in the prior case, and they could have had no relevance to the controlling point here. The interrogatories were directed at the trial judge and one of the attorneys for

appellee, and none of them dealt with fraud, accident or wrongful act of appellee unmixed with any fault or negligence on the part of appellant, particularly in connection with appellant's failure to perfect her appeal in the prior case.

As has often been stated by the courts, before a litigant can successfully set aside a final judgment, he must allege and prove, within the time allowed, a meritorious cause of action or defense to the cause of action alleged to support the judgment, *and* which he was prevented from making by extrinsic fraud, accident or wrongful act of the opposite party, *and* unmixed with any fault or negligence on his own part. French v. Brown, 424 S.W. 2d 893 (Tex.Sup.); Hanks v. Rosser, 378 S.W.2d 31 (Tex.Sup.); Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; Trinity River Authority of Texas v. McMurrey, 411 S.W.2d 422, 425, (Tex.Civ.App.), writ ref., n. r. e.; Johnson v. Potter, 384 S.W.2d 747 (Tex.Civ.App.), no writ hist.; 34 Tex. Jur.2d Sec. 205, p. 48. The relief afforded by bill of review must be for sufficient cause under Rule 329b (5) of the Texas Rules of Civil Procedure.

As the court stated in Birge v. Conwell, 105 S.W.2d 407, 408-409 (Tex.Civ.App.), writ ref.:

"The bill of review is an equitable remedy and cannot be used to take the place of a motion for new trial, appeal, or writ of error. It cannot be so used during the term of the court when the original case was tried, nor can it be so used after the term has expired, if either of those expedients were available during the term at which the judgment was rendered, unless it be shown that the complainant had a good defense which was prevented by fraud, accident, or the wrongful acts of his adversary. It has never been the law that one who is negligent in the matter of filing and urging a motion for new trial or in perfecting an appeal or writ of error may avoid the consequences through the medium of a bill of review."

See also, Smith v. Ferrell, 44 S.W.2d 962 (Tex.Com.App.), opinion approved; Lynn v. Hanna, 116 Tex. 652, 296 S.W. 280; 34 Tex.Jur.2d Sec. 230, p. 101 et seq., and cases there cited.

Appellant's principal contention is that she was not allowed ten days' notice as provided by the Texas *Rules of Civil Procedure,* Rule 166-A, and that the trial court in the prior suit granted summary judgment after the expiration of nine days. But the prior final judgment was not thereby rendered void, although it may have been erroneous, if the court had jurisdiction of the parties the subject matter and the power to render the judgment. French v. Brown, supra. It is not the purpose of a bill of review to relitigate issues decided in a former case whether the court committed error or not unless the prior judgment can be said to be void. We hold that the prior judgment was not void.

Since this is a summary judgment proceeding we have kept in mind the rule that the burden of proof lies with appellee in such cases. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.). All doubts as to the existence of a genuine issue as to a material fact are resolved against the movant. But the facts and admissions show conclusively, and it is undisputed, that the failure of appellant to avail herself of the remedy of appeal of the judgment of February 24, 1966 can be laid to nobody other than appellant. Her failure to perfect the appeal is not unmixed with fault or negligence on her part, and the record is clear in this respect.

A summary judgment may be granted with or without supporting affidavits in a case of this kind. Rule 166-A, T.R.C.P. There can be no material controversy when exhaustion of the legal remedy of appeal has failed under these circumstances, and when such facts are plain from the record. Omissions of this nature are occasionally made by the best of lawyers, but we are powerless to grant relief.

We have examined the entire record carefully, and we can find no error. Appellant's constitutional rights have not been violated.

The judgment of the trial court is affirmed.

Affirmed.