

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00062-CV

IN THE INTEREST OF C.G. AND
T.G., CHILDREN

----------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 325-580928-15

----------

## MEMORANDUM OPINION[1]

----------

Appellant Father attempts to appeal from the trial court's order setting aside a default judgment and granting a new trial to Appellee Mother.[2] We dismiss the appeal for want of jurisdiction.

---

[1]*See* Tex. R. App. P. 47.4.

[2]We use aliases for the children and their relatives throughout this opinion. *See* Tex. R. App. P. 9.8(b)(2).

Father timely filed his notice of appeal with the district clerk on February 24, 2016. Attached to his notice of appeal was a copy of a trial court order signed on February 12, 2016, that granted Mother's motion for new trial. On March 1, 2016, we sent a letter to Father expressing concern that we might not have jurisdiction over the appeal because the order did not appear to be a final judgment or an appealable interlocutory order. We requested a response showing any grounds for continuing the appeal. Father did not respond to the court's request.

Generally speaking, appellate courts have jurisdiction over appeals in cases where a final judgment has been rendered that disposes of all issues and parties in the case. *Kiefer v. Kiefer*, 132 S.W.3d 601, 602 (Tex. App.—Fort Worth 2004, no pet.). An order granting a motion for new trial is not a final judgment that can be immediately appealed. *Lynn v. Hanna*, 296 S.W. 280, 281 (Tex. 1927). Rather, it is an interlocutory order that appellate courts are without power to review. *Id.*

The Texas Legislature has by statute authorized the immediate appeal of several types of interlocutory orders. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. §§ 150.002(f), 171.098 (West 2011), § 51.016 (West 2015), §§ 15.003(b), 51.014(a) (West. Supp. 2015). However, none of these statutory exceptions apply to the order before us.

Because the order granting a new trial is neither a final judgment nor an appealable interlocutory order, we have no jurisdiction over this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction.  Tex. R. App. P. 42.3(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DELIVERED:  April 7, 2016

3